CHARLES F. McCAY, plaintiff in error, vs. F. C. BARBER & SON, defendants in error.

Where B. purchased from M. certain overdue coupons which had originally been attached to certain bonds issued by the city of Montgomery' Alabama, without authority of law, and were therefore wholly worthless; and B. paid eighty cents on the dollar for them, being the value of good coupons at the time; and the sale was made without any commendation whatever of the coupons by the seller, both parties being bankers and brokers, dealing in bonds, coupons and other negotiable securities; on suit brought by B. to recover the money paid for the coupons, the Court charged the jury that if they found that the coupons were void *ab initio*, the plaintiff had a right to recover; that the ignorance of the defendant of the fact that the coupons were void, did not affect the plaintiff's right to recover, that the doctrine of *caveat emptor* in such cases as the one before the jury, upon a negotiable contract, only applies to defects which can be discovered by inspection: *Held*, that the charge was substantially correct, and that inasmuch as justice has been done, the verdict should stand, notwithstanding some slight inaccuracies in the charge.

The defendant having received the money of the plaintiff, without giving any valuable consideration therefor, is not, in equity and good conscience, entitled to keep it.

Assumpsit. Charge of the Court. By Judge SNEAD, City Court of Augusta. May Term, 1867.

Both the parties and J. R. Wray, were brokers in Augusta. Barber & Son, through Wray, as their agent, on the 9th December, 1865, bought of McCay five coupons, from bonds issued by the City of Montgomery Alabama, of the nominal value of seventy dollars each, for which he paid eighty cents on the dollar. Before buying them he took them from McCay's office to Barber & Son, and submitted them to their examination, to see whether they were issued before or after the war, and then returned to McCay's office and paid for them. McCay made no warranty of the coupons nor spoke any word of commendation of them. Wray had heard there was some difficulty about such coupons before the purchase. The price paid was the full value of valid coupons. Afterwards, Barber & Son learned that these coupons were worthless and brought suit against McCay for money had and received, etc.

The above stated facts and also that the coupons were genuine, but had been, by the Supreme Court of Alabama, decided to be void *ab initio*, because there was no authority to issue them, was all the evidence in the case.

The Court charged the jury that, if they found that the coupons were void *ab initio*, plaintiff should recover; that the ignorance of McCay of the fact, that they were void, did not affect plaintiff's right to recover and that *caveat emptor* in such cases, upon negotiable contracts, only applied to defects which can be discovered by inspection.

The verdict was for $280 00, principal, $28 58, interest and cost.

The plaintiff contends that each and every proposition in said charge is erroneous.

W. ROBERT McCAY, for plaintiff in error.

GEN. A. R. WRIGHT and H. V. JOHNSON, for defendants in error.

WALKER, J.

This was an action of assumpsit to recover the amount of money paid by plaintiffs to defendant for certain coupons purporting to be issued by the city of Montgomery, Alabama, and which coupons were not the obligations of that corporation, though issued by the proper officers.

The action for money had and received, is an equitable action and extensively remedial. It lies, in all cases, where money is in the hands of one, which in equity and good conscience, should be paid to another. Whitehead vs. Peck, 1 Kelly R., 140.

The defendant received the money of plaintiffs without any valuable consideration, and, therefore, in conscience, is not entitled to retain it. The subject of the sale, the coupons, was mere waste paper ; they were not the obligations of the corporation, though they purported to be so. Had they, in fact, as they appeared, been the debts of the city of Montgomery, however worthless as securities for the payment of

money they might have been, the sale would have been valid. But they were of no binding validity whatever. A valuable consideration is essential to a sale. Rev. Code, secs. 2604, 2678, 2697. A valuable consideration is founded on money or something convertible into money, or having a value in money. Section 2699. Now I would ask what value in money did these coupons possess ? And if they possessed no such value there could be no sale, because a valuable consideration in money is essential to a sale. Without such value there could be no sale, for there was nothing to sell; and being nothing to sell, the defendant obtained the money of the plaintiffs without consideration, and cannot, in conscience, retain it.

It is insisted that this was a mere sale of a chattel, and, created no liability on the part of the seller whatever. So far as the solvency of the corporation is concerned, this is true; but a transferrer of a negotiable security by delivery is not exempt from all responsibilities. He impliedly warrants that he is the lawful holder, and that the instrument is not forged or fictitious. Winter vs. Bullock, 6 Geo. Rep., 233 ; Rev. Code, sec. 2736. Byles on Bill, 125. Story on Prom. Notes, sec. 118. Where the consideration appears to be valuable and sufficient, but turns out to be wholly false or a mere nullity, then a promise resting on this consideration is no longer obligatory, and the party paying or depositing money upon it can recover it back. 1 Par. on Con., 386 ; citing numerous authorities. Story on Con., sec. 480. 1 Potts on Oblig., 42. The existence of the thing to be sold, or the subject matter of the contract is essential to the validity of the contract. Ib., 437. Did these coupons, in point of law, have any existence at the time of sale? I think not, most clearly, and while a party negotiating securities does not profess to be answerable that the securities will be paid, he is answerable for the securities being such as they purport to be. Jones vs. Ryde, 5 Tan. Rep., 494, (1 E. C. L. R., 255.) The general principle is that money paid without consideration upon an instrument which proves to be of no

value may be recovered back. Smith vs. Mercer, 6 Tan. Rep., 85, (1 E. C. L. R., 520.)

The case of Young vs. Cole, 3 Bing. N. C., 723, (32 E. C. L. R., 334,) is nearer like the case at bar in its facts than any with which I have met. It was an action to recover money paid for certain Guatemala bonds, which were invalid for want of being stamped, and for this reason were not a marketable commodity on the stock exchange. Both parties, at the time of the transaction, were ignorant that a stamp was necessary. Tindall, C. J., says, p. 730, "It seems to me that the sum for which the verdict has been given, is properly called money received by the defendant to the use of the plaintiff. He delivered the money to the defendant on an understanding that the bonds he had received from the defendant were real Guatemala bonds, such as were saleable on the stock exchange. It seems, therefore, that the consideration on which the plaintiff paid his money, has failed as completely as if the defendant had contracted to sell foreign gold coin and had handed over counters instead. It is not a question of warranty, but whether the defendant has not delivered something which, though resembling the article contracted to be sold, is of no value." Park, J., concurred. Bosongrist, J., said : "Here no consideration has been given for the money received by the defendant; the bonds he delivered to the plaintiff were not Guatemala bonds, but on the stock exchange worthless paper." Coltman, J : "I am of the same opinion."

The case of Lambert vs. Heath, 15 'M. & W. 485, was much relied on by the other side. To my mind that case is not at all in conflict with the view we entertain in this case. The Lord Chief Baron left it to the jury to say whether the scrip bought by the defendant for the plaintiff was genuine scrip of the Kentish Coast Railway Company or not. The jury found that it was not and gave a verdict for the plaintiff. A rule was moved for a new trial and the whole opinion of the Court is, "The question is simply this— was what the parties bought in the market Kentish Coast Railway scrip. It appears that it was signed by the Secre-

McCay *vs.* Barber & Son.

tary of the Company; and if this was the only Kentish Coast Railway scrip in the market, as appears to have been the case, and one person chooses to sell and the other buy that, then the latter has got all he contracted to buy. That was the question for the jury, but it was not left to them; the rule must therefore be absolute for a new trial." All that case decides is, that the question should have been left to the jury to decide whether the scrip which had been bought was the article that the party intended to buy. The question which had erroneously been submitted to them was whether the scrip bought was genuine scrip of the Company or not, and not whether the scrip purchased was the same which plaintiff, intended the defendant should purchase for him. This is the whole case, and I think does not in any manner conflict with the case of Young vs. Cole, in 3. Bingham. The defendant having received money to which he is not in equity and good conscience entitled, both law and justice unite in requiring him to refund it.

Judgment affirmed.

NOTE. WARNER, C. J., concurred, and HARRIS, J. dissented; but neither wrote out any opinion.