MARGARET E. FISCHESSER, plaintiff in error, *vs.* THOMAS J. HEARD, defendant in error.

If the owner of a specific sum of money loan it to another, for a special purpose, as that the borrower shall pledge it to secure his forthcoming to answer on a bail bond, and the pledge is accordingly made:

*Held,* That when the bond is complied with, the original lender and true owner of the money may maintain assumpsit against the pledge for the recovery of the money.

Contracts. Money had and received. Before Judge ANDREWS. Elbert Superior Court. May, 1870.

The petition of Margaret E. Fischesser, widow of J. B. Fischesser, against Heard, made this case. Heard, on the 16th of January, 1867, in writing acknowledged the receipt of $500 00 (which was in gold) as collateral security, to in-

demnify Heard against loss by standing J. B. Fischesser's security on a bail-bond, (described) which money said Mrs. Fischesser avers is hers individually. Heard has been duly discharged from said bail-bond, and yet refuses to pay said $500 00 to plaintiff on demand made before suit.

In another count she averred that Heard had $500 00 which she claims as her own, and yet, though she has demanded it from him, he refuses to pay her that sum and interest. Defendant's attorney demurred to said petition, and the demurrer was sustained, although plaintiff's counsel moved to amend. The Court held that no amendment would authorize a recovery in assumpit for money had and received, so long as it was averred that Heard received the money from J. B. Fischesser, and that he made no contract with plaintiff because there was no privity between her and Heard. This ruling is assigned as error.

J. D. MATTHEWS, for plaintiff in error. The facts averred make a pledge: Story on Bailment, sections 286, 290; Bouv's L. Dic., " Pledge." Property pledged without consent of owner may be reclaimed by owner: Ib., sections 291, 340; Story on Con., section 718; 13 Mass. R., 105; 5 Taunt, 759. When bail-bond extinct plaintiff could recover: Story on Bailment, sections 295, 291, 102; 5 Taunt, 759. Plaintiff's recovery will protect defendant against her husband's administrator: Authorities just cited. Form of remedy not material: Revised Code, section 3256; 21 Ga. R., 548. Second count good: Revised Code, sections 3256, 3314. Defendant after demand converted the gold: 1st Ch. Pl., 157–8, 147–8. Tort waived, assumpsit lies: 1st Ch. Pl., 100; 21 Ga. R., 526, 546–7–8. Privity implied if averments are true: 2 Gr. Ev., 102; 1st Kelley, 140, 141, 152.

TOOMBS & DuBOSE, for defendant in error.

Fischesser *vs.* Heard.

McCay, J.

We do not see why the second count in this declaration is not good as it stands. It sets forth that the defendant is in possession of $500 00 in gold, belonging to plaintiff, which he refuses to pay. Will not the law, on this state of facts, imply a promise? But, in our judgment, the first count is good, with but a slight amendment. It is not clearly stated that the plaintiff was the owner of the money at the time of the pledge, or that it was intrusted to J. B. Fischesser for this special purpose. If the count were amended so as to state this, we think it would be good.

Property may be lent for a special purpose, and if so, it can only be used for that purpose: Revised Code, section 2108. If this were a horse, or personal property, other than money, there would be no trouble, since it is a settled rule that the true owner may pursue his property, or its value, into whosever hands it may come. If the money did not belong to J. B. Fischesser—if he held it, either tortiously or as bailee for a special purpose, and has deposited it with the defendant, in accordance with that purpose, in either case the true owner has a right to recover it.

If Fischesser was a tortious holder, clearly the right of the true owner to recover exists. If he was a bailee, and has tortiously deposited it with the defendant, the same right exists. Can it make any difference that the deposit was with the consent of the true owner, or that the true owner has ratified the act of the depositor? We think not. As this is money, if Heard received it without notice of the want of title in J. B. Fischesser, he would have a right to retain it so long as he was liable, under the bond: Revised Code, section 2595. But Heard has *no* rights, now, to the money, because he is discharged from the bond.

As a matter of course, if this was a general loan by the plaintiff to J. B. Fischesser, her rights are gone; she is only a creditor, and the title to the money was in J. B. Fischesser.

Our judgment is put on the ground that it may be alleged and proven that the money was bound to be pledged in this way, and for this special purpose. If this be so, we hold that, when the purpose has been fulfilled, the true owner has a right to recover. Or if Mrs. Fischesser, being the true owner, J. B. Fischesser, without any authority, took the money and made this pledge, even then, under the state of facts as set forth, to-wit: that the object of the pledge has been fulfilled, the true owner may assert her rights.

As the thing pledged is money, it passed to the pledgee, even without authority from the owner, and he had a right to retain it so long as he was liable on the bond, but when the bond was complied with, he stood in no better position than J. B. Fischesser did.

Judgment reversed.