## Minor v. Ozier.

If a judgment debtor placed in the hands of the attorney for the creditors a sum of money less than the amount of the judgments, to be paid over in settlement of them, but to be returned to the debtor if the creditors would not accept it in settlement, and afterwards, being informed by the attorney that they would not so accept, agreed that he should place it as a credit *pro rata* on the judgments if he would relinquish their lien as to a certain lot, and the relinquishment was signed by him, but he failed to apply the money to the judgments as agreed, the debtor, having satisfied them otherwise, was entitled to maintain an action against him for money had and received, after demand and refusal to pay the same.
February 26, 1890.

Actions. Debtor and creditor. Pleadings. Before Judge FORT. Macon superior court. May term, 1889.

Reported in the decision.

J. M. DuPREE, J. W. HAYGOOD and CLAUD ESTES, for plaintiff.

Simmons & Kimbrough, for defendant.

Blandford, Justice.

Minor brought his action against Ozier for money had and received. The declaration was demurred to, and the court sustained the demurrer and dismissed the action. We think this was error. The declaration set out very minutely and particularly, and we think very clearly, the plaintiff's cause of action. The allegations amount to this: that Minor placed in the hands of Ozier, who was an attorney at law, a certain sum of money, which he directed applied to the payment of certain claims in the hands of Ozier due by Minor to other persons. Afterwards, upon being informed by Ozier that these creditors would not accept his terms of settlement, Minor directed Ozier to apply the money to the payment of certain debts *pro rata* if he would sign a paper releasing the lien upon a lot which he (Minor) had sold to another person. Ozier failed to pay over or apply the money on these claims, and the present action was brought, Minor having satisfied the claims otherwise. We think that where one has money in his hands which *ex æquo et bono* belongs to another, an action for money had and received will lie at the instance of the person who owns the money; and such we think is the meaning of the present action. Although the declaration is very full and contains much that need not have been stated, the court can clearly gather from the whole the exact claim and demand of the plaintiff; and it appearing therefrom that this money was in Ozier's hands, and that it belonged to the plaintiff and not to Ozier, and that Ozier refused to pay the same when demanded by the plaintiff, we think that the court erred in sustaining the demurrer and dismissing the action.

*Judgment reversed.*