LEWIS *et al.*, administrators, *v.* HOWELL.

Where a married woman borrowed money from a creditor of her husband, the loan being made on condition that she would "take up" a promissory note due to the creditor by the husband, who was at the time insolvent, and where she accordingly gave to the lender her own promissory note for an amount including the cash advanced to her and the amount of the husband's note, which was delivered to her but no part of which was ever paid, and where she paid upon her own note a sum exceeding the principal and lawful interest of the loan to herself, it was her right to sue for and recover the excess of her own debt from the legal representatives of the estate of the deceased lender.

May 11, 1896. Argued at the last term.

Complaint. Before Judge Gober. Milton superior court. February term, 1895.

Nora Howell sued Lewis and Summerour as administrators of Autrey, alleging that they were indebted to her $132, besides interest, by reason of the following facts: On February 10, 1891, Autrey held a note against her husband, on which at the time there was due principal and interest about $165. Her husband was insolvent and the note was worthless and barred by the statute of limitations. On that day she applied to him for a loan of $350, which he was willing to lend her upon condition that she would pay the amount of the note due by her husband. In order to get $350 cash, she agreed to pay the debt against her husband. Autrey then added the amount due on the note to the $350, making about $515. He then added interest at twelve and a half per cent. on said sum from February 10, 1891, to December 25, 1891, making in the aggregate $572, for which she gave him her note due December 25, 1891, and received from him $350. He died February 25, 1891; defendants are his administrators, and on December 18, 1891, she paid them $500 on the note for $572 held by them. The lawful interest on the $350 up to the time of payment would have been about $18, so that $368 was

the total amount of her indebtedness, apart from the debt of her husband and the usury included in the note. She has demanded from defendants the $132 so paid to them above the amount of her indebtedness, with lawful interest thereon, which they refuse to return or to pay to her. The note on her husband has never been paid and is worthless.

The plea of defendants denied most of the material allegations in the declaration. They further pleaded, that even if she borrowed $350 from Autrey, and paid to defendants as his administrators, as alleged, she could not lawfully recover the same, because it was paid by her of her own motion and without any compulsion or inducement offered by any one. Further, that all the matters involved in this case have been adjudicated in a suit brought by them against her in the justice's court of the 842d district G. M. of Milton county, for the balance due on the note given by her to Autrey; that the case was tried in the justice's court and appealed to the superior court, where there was a verdict in favor of these defendants upon the matters in this case, which were set up by plea in said case; and that the justice's court had complete jurisdiction of the parties and subject-matter of suit.

After verdict for plaintiff, defendants' motion for new trial was overruled, and they excepted. The motion was upon the grounds that the verdict was contrary to law and evidence; and the following:

Error in refusing to charge, upon oral request: "If plaintiff assumed the payment of her husband's debt, the promise or assumption was illegal and void; but if she paid the note or debt thus assumed, it was the execution of an illegal contract and she could not recover, for the reason that the contract was executed. The law will not interfere with an illegal contract which has been executed"; and in charging, on the contrary, that if plaintiff had paid the debt of her husband when it had been assumed by her, she had the right to recover the money so paid, when the debt

assumed was due Autrey and he took money with notice; and she would not be estopped from suing for the sum that she had given the note for and had paid, when the assumption was of the debt of her husband to the payee and he took it with notice.

Error in refusing to charge: "A married woman has the right to do what she pleases with her separate estate, so far as trading is concerned; she had a right to buy a note on her husband or anybody else if she saw proper to do so;" and in charging: "While a married woman has the right to dispose of her separate estate as she pleases, if the payment or taking up of an insolvent note of her husband was in fact the assumption of a debt of her husband and not the buying of a note, she can recover the amount so paid for it, if the jury should believe that the note was worthless, either on account of the insolvency of her husband or on account of the fact that the note was barred by the statute of limitations, if such was the fact. If in fact it was an assumption of the debt of her husband and not a purchase of the note, as to that, it is for the jury to say, from the evidence in the case."

Error in refusing to charge: "If Autrey, acting upon the faith of Mrs. Howell's agreement to take up the note of her husband, was induced to let her have the money she wanted, to wit $350, and she obtained the money on that agreement, then she is estopped from suing in this case;" and in charging, on the contrary, that she was not estopped from recovering the money paid, if in fact, in addition to the money actually borrowed by her from him, she paid to Autrey certain money in addition, upon the debt of her husband assumed by her to Autrey.

The jury retired about four o'clock p. m. Tuesday evening, and returned Wednesday morning about ten o'clock, with the following verdict: "We, the jury, find for plaintiff $132, with interest, subject to a deduction from the above amount of $72.    W. S. Deverell, foreman."

Upon the reading of the verdict, counsel for plaintiff stated that the jury manifestly misunderstood the issue in the case, and asked that the jury be instructed as to the issues and sent back; to which counsel for defendants objected, but insisted that the verdict be received and recorded. The judge charged the jury that if plaintiff was entitled to recover, she was entitled to recover the whole amount paid by her on her husband's debt, with legal interest, if there was any debt of her husband assumed by her and a payment by her; and directed them to return to their room and return their verdict with interest from the time the money was paid, if there was any payment in this way. Movant contends that this was error. The jury retired, and after remaining out a while, returned a verdict for plaintiff for $132, with interest from September 18, 1891.

*H. P. Bell* and *T. L. Lewis*, for plaintiffs in error.
*Enoch Faw* and *B. F. Simpson*, contra.

SIMMONS, Chief Justice.

The evidence in this case shows clearly that the note given by Mrs. Howell to Autrey was in part for a debt of her husband. The transaction was not a purchase by her of the husband's note. She obtained from Autrey $350 and gave him her note for $572, the difference between these two amounts being the amount due by her husband upon his note to Autrey, $165, with interest thereon from the date of her note to the date of its maturity at twelve and a half per cent. per annum. Her husband was in- . solvent and his note was worthless. The law positively forbids any assumption by a wife of the debts of her husband (Code, §§1783, 1754, 5088); and if a creditor of the husband receives in payment of his debt money of the wife, knowing it to be hers, the wife can recover of the creditor the amount so paid. (*Humphrey* v. *Copeland*, 54 *Ga.* 543; *Chappell* v. *Boyd*, 61 *Ga.* 662; *Maddox* v. *Oxford*, 70 *Ga.* 179.) It appears in the present case that the wife

paid upon her note a sum $132 in excess of her own debt, the amount of the verdict in her favor. The evidence warranted the verdict, and the court did not err in refusing a new trial upon the grounds taken in the motion.

*Judgment affirmed.*