## B. C. Redlon v. J. L. Heath.

### No. 10048.

Surety Released—*by creditor's prejudicial failure to record, as agreed, a synchronous mortgage for same debt.* One who signs a note as surety of a principal debtor who, at the same time, executes a mortgage on his land to secure the debt, under an agreement between the surety and creditor that the latter will promptly record the mortgage and thereby protect the surety against loss, is released from liability by the failure of the creditor to record the mortgage within a reasonable time, whereby security sufficient to pay the debt is lost.

Error from Anderson District Court. A. W. Benson, Judge. Opinion filed April 9, 1898. *Affirmed.*

*W. C. Webb*, for plaintiff in error.

*J. F. Hess*, for defendant in error.

Allen, J. The question in this case is, whether the defendant in error, Heath, was released from liability on a note for $3500, payable to plaintiff in error, signed by Alfred Johnson, A. E. Johnson, Chas. N. Johnson, and J. L. Heath, which at the time of its execution was secured by a mortgage executed by Alfred Johnson and wife on twelve hundred acres of land in Anderson County, by the failure of Redlon to have the mortgage recorded. Although there is some discrepancy between the statements of Heath and Redlon as to what transpired at the time the papers were executed, it is clear from Redlon's own testimony that he knew that Heath was surety of the Johnsons as to a considerable part of the debt at least. The testimony of the defendant, however, was accepted by the jury as the truth, and must be so accepted here. This shows that Heath was surety of the Johnsons as to the whole amount of the debt; that this was known to Redlon at the time the note

was executed, and that, in consideration of Heath becoming such surety, Redlon agreed to take the mortgage and have it recorded for Heath's protection as well as for his own.   Heath asked Redlon to permit him to take the mortgage to Garnett at once and have it recorded; but Redlon refused his request, and, instead, took it to Girard, where he delivered it to an abstracter, who, instead of sending it to Anderson County, where the land was situated, had it recorded in Allen County.   The mistake was not discovered until long after, and in the interval, other mortgages, exceeding in amount the value of the land, were executed and properly recorded.   Under this state of facts, the jury found a general verdict in favor of the defendant.   The labored discussion of the testimony by counsel for plaintiff in error avails nothing before this court.   The findings of the jury, based on ample testimony, dispose of the controversy as to the facts. Although Heath was liable as a principal on the twenty-four hundred dollar note, which was surrendered at the time the one in suit was executed, his testimony shows that as between himself and the Johnsons but four hundred dollars and interest on it was his debt, and that he paid that amount to Redlon at the time, and that Redlon knew that as to the balance he was really only a surety for the Johnsons.

The only legal proposition urged against the judgment is that a surety is not discharged by the mere negligence of the creditor; that there must be some affirmative act operating as a discharge.   It is said that in this case the plaintiff took the reasonable precaution to submit the mortgage to an abstracter for examination before having it recorded, and that the failure to send it to the proper county was not his fault but that of the abstracter.

It is familiar law that the neglect of the agent is

the neglect of the principal. The plaintiff cannot be excused from the consequences of the act or neglect of his agent. In support of the proposition that the mere neglect of the creditor to record his mortgage does not discharge the surety, the following cases are cited : *Hampton v. Levy*, 1 McCord, Ch. (S. C.) 107 ; *Lang v. Brevard*, 3 Strob. (S. C. Eq.) 59 ; *Philbrooks v. McEwen*, 29 Ind. 347. Counsel for plaintiff in error also calls attention to the following authorities supporting the general doctrine that mere passiveness or neglect on the part of the creditor will not discharge the surety : *Turner v. Hale*, 8 Kan. 38 ; 1 Story's Equity Jurisprudence (13th ed.), § 325 ; *King v. Baldwin*, 17 Johns. (N.Y.) 384 ; notes to *Rees v. Berrington*, 2 L. C. Eq. 1867.

On the other hand, supporting the general proposition that a surety may be discharged by the neglect of the creditor to preserve other securities, counsel for defendant in error calls attention to the following authorities : *Watson v. Alcock*, 19 Eng. L. & Eq. 64 ; *Nelson v. Munch*, 28 Minn. 314 ; *Lumsden v. Leonard*, 55 Ga. 374 ; *Schroeppell v. Shaw*, 3 Comst. (N. Y.), 446 ; *Mingus v. Daugherty*, 87 Ia. 56. In the case of *Toomer .v. Dickerson*, 37 Ga. 427, it was held that a neglect to record a chattel mortgage on negroes, within the time required by law, discharged the sureties on the obligation given for their purchase. In the case of *Crim v. Fleming*, 101 Ind. 154, commenting on the conflict of authorities as to the soundness of the rule declared in *Philbrooks v. McEwen*, supra, it was said :

"But the case in hand is not within that rule, for here there was an express agreement to collect, and this makes an essential difference, for a breach of an agreement cannot be justly regarded as inaction or passive neglect."

In the case of *Lang v. Brevard*, supra, strongly relied on by counsel for plaintiff in error, it is said :

"For acts of mere *passive* sufferance, omission, and delay, the surety will not be discharged. And this rule is the more reasonable, inasmuch as a surety thus aggrieved has the remedy in his own hands ; and by various alternative modes of procedure may redress himself. He may convert the passive negligence and delay of the creditor into a positive wrong, by demanding that he proceed to the collection of his debt. If the requisition be not complied with, in a reasonably diligent manner, and the principal becomes insolvent, it will afford ground for relief."

There would seem to be strong ground for holding a creditor, who takes, at the same time, the obligation of a surety and a mortgage on the property of the principal debtor, to such diligence as may be necessary to preserve his security on the property. The plainest dictates of ordinary prudence require that a mortgage on real estate should be promptly recorded. The testimony of Heath is to the effect that he was induced to sign the new note by the execution of the mortgage for his protection as well as for that of the plaintiff, and that this was talked over and clearly understood by the parties. No reason is apparent why Redlon should not be held to his positive agreement to record the mortgage without delay. Had he done so, the evidence shows that the mortgaged land was of sufficient value to have paid the prior incumbrances as well as his own. By his neglect to record his mortgage, other mortgages, sufficient in amount to absorb the entire property, took precedence and swept his security away. It is manifestly just that the plaintiff, whose negligent failure to comply with his positive agreement has occasioned the loss, should alone bear it.

Some comment is made on the special findings. It is claimed that they do not support the judgment ;

that they are inconsistent with the general verdict, and not supported by the testimony.    Neither of these claims can be sustained.

The judgment is affirmed.