24576. ROYAL, administrator, *v.* BYRD.

JENKINS, P. J. This is a motion to vacate and set aside a judgment rendered against an administrator. The petition alleged that the intestate during his lifetime, and the administrator subsequently, cut, removed, and sold from plaintiff's premises timber of the value of $3,600, $2,400 "of which amount belonged to and was the property of petitioner," and for which the administrator "fails and refuses to account to petitioner." The prayer of the petition designated the acts of the intestate and the administrator as "tortious." By amendment the petition set up that, prior to the death of the intestate, he acknowledged removing the timber from the plaintiff's premises, and agreed to pay the value thereof in the "computed and agreed" sum of $1,500. The motion to set aside is based

on the grounds that the pleadings were so defective that no legal judgment could be rendered thereon; that the original cause of action sounded in tort, and died with the intestate; and that the original action, sounding in tort, could not be converted by amendment into an action ex contractu. *Held:*

1. Contrary to the rule at common law, after a suit has been instituted in tort, the cause of action does not abate on account of the death of the tort-feasor. A cause of action in tort is abated, however, by the death of the tort-feasor prior to the institution of the suit. *Smith* v. *Jones,* 138 *Ga.* 716 (76 S. E. 40).

2. An action sounding in tort can not be changed by amendment into one sounding ex contractu. *Dunn* v. *Fairbanks-Morse Co.,* 19 *Ga. App.* 548 (91 S. E. 1005), and cit.

3. While, as a general rule, allegations of fact are to be construed most strongly against the pleader, yet, in the absence of special demurrer, where the facts alleged in a petition are such as would be proper and adequate to support one form of action, but inadequate, although appropriate, to another form of action, and where the petition is ambiguous to the extent that the pleader's intention is not clearly manifest as to which form of action is relied upon, the courts, in endeavoring to ascertain the plaintiff's intention, will prima facie presume that his purpose was to serve his best interest, and will construe the pleadings so as to uphold and not to defeat the action. *Stoddard* v. *Campbell,* 27 *Ga. App.* 363 (108 S. E. 311); *Moore* v. *Standard Accident Ins. Co.,* 48 *Ga. App.* 508, 512 (2, 3) (173 S. E. 481).

4. In the instant case, construing the original petition, in the absence of any special demurrer, so as to best subserve the interest of the pleader, it must be construed as an action ex contractu, waiving the tort and seeking to recover the value of the converted property. The gravamen of the claim does not consist in damages for the injury in the cutting and removal of the timber, but is the "amount" which it is alleged "belonged to and was the property of petitioner," and for which the defendant "fails and refuses to account to petitioner." See *Alexander* v. *Dean,* 29 *Ga. App.* 722 (4) (116 S. E. 643). Accordingly, the amendment setting forth the recognition of the indebtedness by the intestate and his agreement to pay the same was properly allowed; and the verdict and judgment against the administrator, rendered on default, were not illegal upon the ground that the cause of action against the intestate had abated.

*Judgment affirmed. Stephens and Sutton, JJ., concur.*

Decided June 14, 1935.

*J. W. Dennard,* for plaintiff in error. *Pearson Ellis,* contra.