25173. HOLTSINGER *et al.* v. BEVERLY.

DECIDED JULY 6, 1936.

Thomas·J. Lewis, W. O. Slate, for plaintiffs in error.

Branch & Howard, Thomas B. Branch Jr., contra.

STEPHENS, J.   D. M. Beverly sued Holtsinger Auction System, a partnership, alleging an indebtedness of $160, money had and received.   The defendants answered, denying indebtedness, and alleging that by virtue of a sales contract which they had with W. E. Gunter they sold at auction certain land of Gunter to Beverly for $1010 on terms of one third cash and balance in one and two years from date of sale, but the plaintiff had not complied with the contract, and failed and refused to make the agreed cash payment and to execute notes and security deed for the balance of the purchase-price, that the plaintiff did deposit with them $160 on the purchase-price and promised to pay the balance of $177, but failed and refused to pay this difference, and therefore the defendants have been unable to pay to the owner of the property the initial payment; that the defendants accepted the $160 as agent for the owner of the property and it is at present held as such, and they are ready and willing to complete the sale as had at the time of the auction; that under their contract with the owner of the land, a commission of 10 per cent. was to be paid them for services, the commission to be deducted from the initial payment, and the defendants have earned $101 and have on hand $59 belonging to the owner of the land when the sale has been finally consummated; that the defendants prepared and tendered to the plaintiff notes and security deed to carry out the terms of the auction sale, but the plaintiff refuses to execute the papers and to pay the defendants as agent for the seller the $177 balance on the cash payment; that at the time of the sale a memorandum contract of sale was made by them which was signed by the purchaser and by the selling agents, the defendants.

The case was tried by a judge of the municipal court of Atlanta.   He rendered judgment in favor of the plaintiff.   The defendants' motion for new trial was overruled.   This judgment was affirmed on appeal to the appellate division, and the defend-

ants excepted, alleging various grounds of error in the judgment. In the appeal and in the bill of exceptions there is a complaint that the trial judge limited the argument of counsel for the movant on the hearing of the motion for new trial.

■ Since the plaintiffs in error claim to have earned $101 of the money in their hands as a commission on the sale of the land, the principal question to be determined is whether, under the facts, the commission was earned. Their sales contract with the owner of the land provided that they should sell the land at auction "on terms of 1/3 cash or checks, balance 1st January, 1935, years payable......deferred payments to bear interest at the rate of 7% per annum." One third of the purchase-price was to be paid in cash or checks. The sale took place on Tuesday, September 25, 1934. The buyer gave the agents a check on a Moultrie bank for $337, and $20 in cash, which additional sum was taken by the agents on account of the check being on a "foreign bank." On September 27 the buyer went to the agents and ordered them to surrender the check to him on his giving them $140 in cash, and one of them gave him a receipt for $160 "for tract of ground, 7½ acres of land," and testified that he gave the buyer until Monday to pay the balance, and that they had not got the one third cash payment up to the time of trial. On the same day the buyer went to see the seller and asked him if it was all right to pay the $160, and the seller said that he would not have anything more to do with the sale, that there were some notes against the place, and he would not go through with the deal. The seller testified that the buyer came to see him, that they had certain conversation and finally agreed to call the trade off; that he went to see the agents, and was told that the buyer had paid $160, and he was asked to take notes for the balance, but that they did not get cash for the first payment; and that after the buyer came to see him he refused to sign a deed. One of the defendants testified that the plaintiff gave a check for $337 and $20 in cash, and came to the office the next day and asked to be allowed to pay $140 additional in cash and take up the check, which privilege was granted, and the check was surrendered to the plaintiff; that the witness (defendant) had a deed prepared for the seller to sign, but he never asked the seller to sign it, although he came to the office to execute it on the second day after the sale, and asked if they had the

down payment, and was informed that they had not; and that the seller did not sign the deed, and had never been back to the office.

From these undisputed facts it appears that the selling agents, within a day or two after the sale and before the seller was expected to sign a deed and receive the cash payment, returned the buyer's check for $377 to the buyer and took in lieu thereof $140 in money. For this act the agents had no authority from the seller, either in the sales contract or otherwise. They undertook to change the terms of sale without the consent of their principal. As soon as the seller was informed of it, he refused to ratify it, and would have nothing more to do with the sale, but agreed with the purchaser to call it off, as he had a right to do under the circumstances. As the agents brought about this situation in which the principal could withdraw from the sale, they are not entitled to commissions. As the Supreme Court said, in *Emery* v. *Atlanta Real Estate Exchange*, 88 *Ga.* 321, 327 (14 S. E. 556), the test whether the agent's compensation was earned is, did the agent "put the seller in a situation where, on failing to make the sale, he would have been liable to a good action by the purchaser for such failure?" In the case just cited the facts were very similar to those of the present case. In *Phinizy* v. *Bush*, 129 *Ga.* 479 (5), 488 (59 S. E. 259), the Supreme Court said: "If a broker was employed to sell the option by a named day to a purchaser for a cash consideration, he could not say he had earned his commissions by agreeing for a credit, or to extend the time for payment beyond that day, substituting, in place of the cash which he was authorized to accept, a promise of the other party to pay at some indefinite time, or in a reasonable time." It is contended that the selling agents, being auctioneers, acted as agents of both seller and buyer, and have the right to retain their commissions out of the money in their hands. It is true that in some respects an auctioneer acts for both parties, but his commissions are to be paid by the one who employed him and agreed to pay him. The sales contract contains this clause: "Owner agrees to pay selling agents, for services and expenses, 10% commission on gross sale." A person who is a successful bidder at an auction does not become liable for the fee of the auctioneer by reason of inducing him to depart from the terms of sale, with the result that the sale is called off by the seller. In the brief for the plaintiffs in error

much is said about the failure of the buyer to make the initial cash payment, but this is the very reason why the seller could repudiate the sale. As the plaintiffs in error consented and co-operated with the buyer in postponing the cash payment, they are not in a position to urge the buyer's breach of contract as a reason why he can not recover the money deposited with them. They simply took chances on getting the seller's consent to a modification of the contract, or on the buyer's paying the balance before the seller refused the sale.

■ It is insisted that the present action, being for money had and received, was not properly brought. There is no merit in this. When the agents returned the buyer's check to him and took in place of it an amount less than the one-third cash payment, they became simple depositaries of that money. The title to it did not pass into the seller. When the purpose of the deposit failed, the agents were legally bound to return the money to the depositor. The action therefore was properly brought for money had and received. See *McCay* v. *Barber*, 37 *Ga.* 423; *Minor* v. *Ozier*, 84 *Ga.* 476 (10 S. E. 1088) ; *Herrington* v. *Dublin*, 50 *Ga. App.* 769 (179 S. E. 845).

■ Complaint was made that the court limited to thirty minutes the argument of counsel for the plaintiffs in error on the hearing of the motion for new trial. This complaint is founded on an interpretation of a rule of the municipal court. No copy of the rule appears in the record. Consequently, whether the court erred in construing its own rule can not be considered. The evidence authorized the judgment for the plaintiff. The appellate division did not err in affirming the judgment overruling the motion for new trial.

*Judgment affirmed. Jenkins, P. J., and Sutton, J., concur.*