33933. HAYSLIP *v.* LONG.

Decided June 4, 1952—Rehearing denied July 11, 1952.

488

490

*Grace W. Thomas, J. Walter LeCraw,* for plaintiff in error.
*Herbert Johnson, Henry M. Hatcher Jr., R. R. Rhudy,* contra.

CARLISLE, J. ■ Headnote 1 is self-explanatory and requires no further elaboration.

■ In special ground 1 (numbered 4) error is assigned upon the following extract of the court's charge to the jury: "If you find that there has been a mistake in the execution of the written contract in this case or for any other reason the written contract is not enforceable, I charge you that this fact would not preclude the plaintiff from a recovery in this suit, but he is entitled to recover from the defendant all the money he has paid to him or for his benefit at his request and the value of all merchandise turned over to him on the faith of the contract," on the grounds that the extract is not a correct statement of the law applicable to the case, was not authorized by the evidence, was confusing and misleading to the jury, and contradictory of the following

extract of the court's charge: "The defendant, on the other hand, contends that he has never refused to go through with the contract, that he has always been ready, willing and able to go through with the contract, but that the plaintiff has attached other conditions to it not agreed to and not contained in their previous agreement and that he did refuse to sign a certain bill of sale presented to him for these and other reasons which have been set out but that they did not amount to a repudiation of the contract, that he is still willing—I believe is the contention of the defendant— to go through with the contract. He states that for that reason the verdict should be for the defendant. Should you believe from all the evidence that the contentions of the defendant are true, then you could find a verdict for the defendant, which would have the effect of leaving them as they were before this suit was filed, with the defendant still in position to be made to go through with the contract according to his statements here to sell the half interest and so on." Under the view which we take, that the action was brought and tried upon the theory of an action in assumpsit for money had and received, which will be illustrated more fully in our discussion of the general grounds in division 4 of this opinion, the extract complained of was not error for any reason assigned.

■ In special ground 2 (numbered 5), error is assigned upon the following portion of the court's charge: "In considering the case, gentlemen, the plaintiff in general contends that he had a certain contract with the defendant, that on the strength of that contract he made certain advances to the defendant, that he paid other bills for the defendant, that he otherwise, as you will remember the testimony, expended money for the defendant's benefit and which the defendant agreed to repay or would be treated as payment on the contract to purchase the half interest in the trademark. He contends further—the plaintiff generally contends—that when the time came to go through with the sale and the transfer agreed to in the contract between the parties, that the defendant refused to go through with the contract and that he accepted that refusal and said, in effect, 'all right, we will tear it up, forget it all and you give me my money back,'" on the ground that it was not a correct statement of the plaintiff's contentions, putting the contention of the plaintiff

in such a manner as to prejudice the defendant and as to confuse and mislead the jury. The charge complained of is not subject to any of the criticisms assigned, and this is especially apparent when the charge as a whole, and the nature of the action, are considered.

■ Under the evidence, the jury was authorized to find that the defendant induced the plaintiff to advance to him or to lend to him the various sums of money which the plaintiff paid out for the defendant's benefit under the agreement that the defendant would sell him that interest in the trademark and/or patent as is indicated in the written contract of April 10, 1950, which is set out in the statement of fact preceding this opinion; and to find that the interest in the trademark which the defendant contended he was to sell the plaintiff was not the agreement; and the jury was further authorized to find that upon the defendant's refusal to comply with the agreement to sell the plaintiff the interest in the trademark, which they found to be the true interest agreed upon, that it was mutually agreed between the plaintiff and the defendant that the whole transaction, made up of the various oral agreements and the written agreement, was terminated and rescinded; and that under these circumstances the plaintiff was entitled to have all the money advanced, lent to, or paid out by the plaintiff for the benefit of the defendant, returned to him, as the purpose for which the plaintiff had parted with his money had failed. *Holtsinger* v. *Beverly*, 53 *Ga. App.* 614, 618 (186 S. E. 776); *McCay* v. *Barber*, 37 *Ga.* 423; *Minor* v. *Ozier*, 84 *Ga.* 476 (10 S. E. 1088); *Herrington* v. *City of Dublin*, 50 *Ga. App.* 769 (179 S. E. 845). The suit was not brought for the breach of any one or more of the various contracts, either oral or written, but on the theory of assumpsit for money had and received by the defendant, which, under the principles of natural justice, he was not entitled to retain, and whether or not any one or more of the contracts, either oral or written, contained unenforceable provisions was immaterial. The verdict was well within the range of the proof and was authorized.

For the foregoing reason the trial court did not err in overruling the motion for a new trial.

*Judgment affirmed. Gardner, P.J., and Townsend, J., concur.*