36942, 36943. WHITAKER *et al.* v. CREEDON; and *vice versa.*

DECIDED MARCH 14, 1958.

*John L. Westmoreland, John L. Westmoreland, Jr., Claude R. Ross,* for plaintiffs in error.

*W. R. Bentley, J. Walter LeCraw,* contra.

FELTON, Chief Judge. Count 1 of the petition is based on money had and received and the plaintiff contends therein

that she gave the money to the defendants for the limited purpose of "security" in order to have her husband released from jail. The plaintiff alleged that the complaint upon which her husband had been arrested and the case arising therefrom had been completely terminated and that the need for which the "security" had been placed·in the hands of the defendants no longer existed. Where the purpose for which money has been advanced has failed or has been accomplished, the person advancing such money is entitled to the return of the money and may maintain an action for the recovery thereof. *Fischesser* v. *Heard,* 42 *Ga.* 531, 532; *Zapf Realty Co.* v. *Brown,* 26 *Ga. App.* 443 (106 S. E. 748); *Hayslip* v. *Long,* 86 *Ga. App.* 482, 492 (71 S. E. 2d 852); *Chappas* v. *Sandefur,* 93 *Ga. App.* 67 (91 S. E. 2d 46).

█ If the effect of the transaction between the plaintiff and the defendants was to render her a surety for her husband, the plaintiff still may recover the money advanced for the purpose of security or suretyship. Code § 53-503 "will be enforced regardless of the form of the transaction or the cloak that enfolds it, if in reality the contract is based on a mere colorable transaction the purpose of which is to make the wife, to all intents and purposes, the husband's surety." *Shoup* v. *Elliott,* 192 *Ga.* 858, 863 (16 S. E. 2d 857); *Magid* v. *Beaver,* 185 *Ga.* 669, 675 (196 S. E. 422); *Gross* v. *Whitely,* 128 *Ga.* 79, 82 (57 S. E. 94); *Thompson* v. *Wilkinson,* 9 *Ga. App.* 367 (3) (71 S. E. 678).

█ The plaintiff did not make a "voluntary payment" of a claim as the money was not given to the defendants as a payment of any kind but was given for the limited purpose of "security." See *Speed Oil Co.* v. *Aycock,* 188 *Ga.* 46 (2 S. E. 2d 666); *Williams* v. *Gottlieb,* 90 *Ga. App.* 438 (3) (83 S. E. 2d 245).

█ Count 2 was the same as count 1 except it went further in that the plaintiff alleged therein that the defendants had taken the money which she had given to them as "security" and had applied the money to pay an alleged debt owed to them by the plaintiff's husband. Under the allegations of count 2 the money being held by the defendants belonged to the plaintiff and if that money was used by the defendants to pay a debt of the husband, the wife may recover the money from the defendants. "It plainly appearing that the property of the plaintiff, a married woman,

was given up by her for the purpose of suppressing a criminal prosecution against her husband and son, *and to settle a debt due by the husband,* she was entitled to maintain an action for its recovery against the person who thus took it from her." (Emphasis supplied.) *Mills* v. *Hudgins,* 97 *Ga.* 417 (24 S. E. 146) ; *Lewis* v. *Howell,* 98 *Ga.* 428, 431 (25 S. E. 504) ; Code § 53-503.

■ The defendants' special demurrers 4 to paragraphs 4 of counts 1 and 2 are on the ground that it is not shown what the "complaint" and "direction" of defendants consisted of, who in behalf of the defendants made such "complaint" and gave such "direction" and how much money the plaintiff's husband was charged with stealing, what city policemen arrested the plaintiff's husband and when said arrest was made in point of time as related to said alleged "complaint" and "direction." The demurrers are without merit. The allegation that the plaintiff's husband was arrested upon the complaint of and at the direction of the defendants sufficiently alleges a fact and that the arrest was procured by the persons of the defendants. The plaintiff is not required to plead her evidence. How much money the plaintiff's husband was charged with stealing and which charge formed the basis of his arrest is immaterial as to that paragraph. It was also immaterial what city policemen arrested the plaintiff's husband and when the arrest was made in point of time as related to the alleged "complaint" and "direction." For the same reason special demurrers 5 to paragraphs 5 and special demurrers 13 to paragraphs 15 of counts 1 and 2 are without merit.

■ Special demurrers 6 to paragraphs 5 of counts 1 and 2 are on the ground that the allegation, ". . . he was incarcerated in the city police jail of the City of Atlanta without bond, that is: without being allowed the privilege of bail, and so held without bond for approximately 18 hours," is irrelevant and is not germane to the issues, are without merit as such is an allegation of fact and shows the background existing at the time the defendants approached the plaintiff concerning the depositing with them of the alleged "security."

■ A special demurrer being itself a critic must be free of imperfection. Therefore, the defendants' special demurrers 7 to paragraphs 6 of counts 1 and 2 on the ground that the allegations

set forth constitute a conclusion of the pleader in that "no power or authority is shown in defendants' alleged agent, Charles H. Edwards, either in said paragraph or elsewhere in said petition, to select the time of arrest of plaintiff's husband at 11 p.m. or at any other time," will be construed as meaning that it is not shown that the agent did not have the power or authority from the police or by law to select the time of the arrest rather than as alleging that it was not alleged that the agent had authority from the defendants as principal to select the time of arrest. So construed the demurrers are without merit because whether or not the agent had such power and authority, the plaintiff alleges that he actually did cause the arrest at the time alleged. For the same reason special demurrers 8 to paragraphs 7 and special demurrers 10 to paragraphs 12 and special demurrers 11 (b) to paragraphs 14 of counts 1 and 2 and special demurrer 18 (b) to paragraph 17 of count 2 are without merit.

■ Special demurrers 9 (a) are without merit. Special demurrers 9 (b) and 9 (c) to paragraphs 8 are meritorious because the defendants are entitled to know by what means the defendants created fear, worry and concern in the plaintiff for her husband and what constituted the "urgings" by the defendants for the plaintiff to deliver the money to the defendants. For the same reason special demurrer 18 (a) to paragraph 17 of count 2 is meritorious.

■ Special demurrers 12 (a) to paragraphs 14 of counts 1 and 2 are meritorious. In these paragraphs the plaintiff alleged that she gave the $4,000 to the defendants for the purpose of security. The defendants by demurrer call upon the plaintiff to define or more fully explain what is meant by the word "security." If the plaintiff is in a position to more fully explain what was meant between the parties by the word "security" she must allege such. However, if she does not know what was meant by the term "security" and the defendants did not explain what the money was to secure, then the plaintiff by proper allegations may allege that she did not fully understand what the money was to secure, etc. If the plaintiff did not fully understand the full reasons or meaning of the security, she would not be required to allege something she did not know or fully understand.

■ Special demurrers 12 (b) are without merit for reasons

already given. Special demurrers 11 (a), 14, 15 and 19 are without merit.

■ Under the allegations in count 1 the defendants have no right whatsoever to retain the plaintiff's money and refuse to deliver it to her on her demand. Since the purpose for which the money had been given to the defendants no longer existed, she was entitled to the return of the money. If in fact the transaction between the plaintiff and the defendants amounted to her becoming her husband's surety then the defendants received the plaintiff's money and are holding it under a void contract agreement. Under these allegations the defendants had no probable cause whatsoever in refusing the plaintiff's demand for the return of her money. Therefore, the court erred in sustaining special demurrer 16 to paragraph 22 of count 1 and in striking that paragraph.

■ Count 2 alleges sufficient facts if proved to authorize a recovery of expenses of litigation. The second count shows that at the time the defendants used the money entrusted to them for the purpose of "security" to satisfy the alleged debts of her husband the money still belonged to the plaintiff. Where defendants have taken money entrusted to them for a specific purpose and have without the consent of the plaintiff applied such money to a use prohibited by law and where the defendants refuse on demand to redeliver to the plaintiff such money but force her to resort to legal action for the recovery thereof, expenses of litigation may be recovered if the allegations are proved by the plaintiff.

The court did not err in overruling the general demurrers to counts 1 and 2 of the petition, and did not err in overruling special demurrers 4, 5, 6, 7, 8, 9 (a), 10, 11 (a), 11 (b), 12 (b), 13, 14, 15, 18 (b), and 19.

The court erred in overruling special demurrers 9 (b), 9 (c), 12 (a) and 18 (a), and erred in sustaining special demurrer 16 to paragraph 22 of count 1 and special demurrer 20 to paragraph 22 of count 2 and in striking these paragraphs.

*Judgments on the main bill of exceptions affirmed in part and reversed in part. Judgments on the cross-bill of exceptions reversed. Quillian and Nichols, JJ., concur.*