37981, 38016.   DODD *v.* SLATER; and *vice versa.*

DECIDED MARCH 10, 1960—REHEARING DENIED MARCH 28, 1960.

*T. J. Long, Ben Weinberg, Jr., James M. Roberts,* for plaintiff in error.

*Houston White,* contra.

BELL, Judge.   ■ A parent is provided a right of action against any party who furnishes spirituous liquors to his child without his permission.   Code § 105-1205.

The crux of the instant case is the unauthorized giving of intoxicating liquors to the plaintiff's minor child. The numerous statutes prohibiting the sale of intoxicating liquor to minors coupled with the Code provisions under which this action is brought etches the public policy of this State upon the statute books to protect persons of tender age from the inducement of liquor until they reach the age of mature decision. See *Barbour* v. *State*, 146 *Ga.* 667, 668 (92 S. E. 70, 2 A. L. R. 1095). If the evidence shows that an injury is to the peace, happiness, and feelings of the plaintiff, the jury is authorized to consider vindictive damages provided by Code § 105-2003.

The allegations of the petition charge that the defendant gave the plaintiff's minor daughter tomato juice mixed with vodka without the plaintiff's permission. Under the above authorities, the allegations are sufficient to state a cause of action, and the petition is not subject to general demurrer. The order of the superior court judge overruling the general demurrer is affirmed.

■ The defendant argues in his brief that the plaintiff has not alleged facts showing damages to the "peace, happiness, or feelings" of the plaintiff so as to entitle him to vindictive damages provided by Code § 105-2003; however, this demurrer is without merit, for the reason that the petition expressly charges such damage, and facts are alleged to support the allegation.

The defendant by special demurrer No. 30 demurs to the allegations of paragraph 25 asking for "punitive damages in the amount of $500,000 to deter the defendant from repeating the trespass" on the basis that such allegation is a conclusion. The demurrer is without merit. There are sufficient allegations, if proved, to show complete disregard for the health of a child by giving it intoxicating liquor deleterious to the child's health. Such alleged activity may well constitute wilful and malicious performance. This particular conduct can be an aggravating circumstance sufficient to authorize punitive damages under Code § 105-2002. See *Battle* v. *Kilcrease*, 54 *Ga. App.* 808 (189 S. E. 573). The plaintiff seeks a recovery under Code § 105-2003 for wounded feelings. Punitive damages are sought under that part of Code § 105-2002 which seeks to deter a wrongdoer from repeating the trespass.

The trial court did not err in overruling the demurrer.

■ Special demurrer 31 demurs to paragraph 26 of the petition which attempts to allege the right of the plaintiff to recover cost of litigation and attorney's fees. Attorney's fees are not usually allowed as an item of damages except in those cases permitted by statute. Such fees are not a part of punitive or vindictive damages, but stand alone and are regulated by Code § 20-1404 which provides: "The expenses of litigation are not generally allowed as a part of the damages; but if the defendant has acted in bad faith, or has been stubbornly litigious, or has caused the plaintiff unnecessary trouble and expense, the jury may allow them." The courts construe this section to apply to torts. *Selma, Rome &c. R. Co.* v. *Fleming,* 48 *Ga.* 515; *Traders Ins. Co.* v. *Mann,* 118 *Ga.* 381 (45 S. E. 426) ; *Atlanta Journal Co.* v. *Doyal,* 82 *Ga. App.* 321 (60 S. E. 2d 802). There is one provision of the Code section under which the plaintiff might be entitled to attorney's fees, viz., bad faith. The case of New Amsterdam Casualty Co. *v.* National Newark & Essex Banking Co., 117 N. J. Eq. 264 (175 A. 609), accepts as bad faith a state of mind affirmatively operating with a furtive design or some motive of ill will. A wilful act does not carry with it the right to recover attorney's fees as such conduct must be in the nature of fraud or deceit (see Webster's International Dictionary, 2d Ed., 1955) to invoke this Code section. Perusal of the cases construing this section reveals these elements. See *Atlanta Journal Co.* v. *Doyal,* supra; *Walker* v. *Grand International Engineers,* 186 *Ga.* 811 (199 S. E. 146). *Atlanta Journal Co.* v. *Doyal,* in effect holds that the wilful violation of the rights of another, every intentional tort, invokes the species of bad faith that under the provisions of Code § 20-1404 entitles the person wronged to recover the expense of litigation involving attorney's fees. The trial judge properly overruled this demurrer.

■ Special demurrers that attack allegations of a pleading as immaterial, irrelevant, and contradictory, without pointing out "wherein" they are subject to such criticisms are themselves mere conclusions and too vague to be considered by this court. A demurrer being a critic must itself be perfect. *Gay* v. *Healan,* 88 *Ga. App.* 533 (77 S. E. 2d 47) ; *Veal* v. *Beall,* 189 *Ga.* 31, 34 (2) (5 S. E. 2d 5) ; *Clarke* v. *Parks,* 97 *Ga.* 374 (23 S. E. 839). This ruling applies to special demurrers 1, 2, 3, 4, 5, 7, and 26, so

directed against paragraphs and parts of paragraphs 3, 4, 5, 6, 7, and 21 of the petition, and such demurrers were properly overruled.

■ The allegations of paragraph 7 of the petition which aver that "as a result of the cruel treatment of said mother to the petitioner, petitioner left said home on or about said date and separated himself from said mother" were a conclusion of the pleader and subject to the criticisms of the defendant's special demurrer 6. Such demurrer was properly sustained.

■ A meticulous analysis of the petition, in the light of the demurrers, reveals that the matters set up in the petition and objected to by the other demurrers were either averments of history of the case, giving its setting in order that the plaintiff's complaint might be better understood by the court and jury, which is, under the holdings of many cases, permissible (*Rhodes* v. *Industrial Finance Corp.*, 64 *Ga. App.* 549, 13 S. E. 2d 883; *Hobbs* v. *Holliman*, 74 *Ga. App.* 735, 41 S. E. 2d 332; *Whitaker* v. *Creedon*, 97 *Ga. App.* 320, 327 (4), 103 S. E. 2d 175), or portray matters of aggravation related to the plaintiff's right of recovery generally and particularly his cause for vindictive damages as in the case of *American Thread Co.* v. *Rochester*, 82 *Ga. App.* 873, 882 (62 S. E. 2d 602). Under this ruling the trial court was in error in sustaining special demurrers 8, 10, and 11, which were directed against paragraphs 8 to 21 of the petition. Under this ruling the trial court properly overruled special demurrers 9, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, and 26, which were directed against these same paragraphs, i.e., 8 to 21, of the petition.

■ Paragraph 10 of the petition alleges facts remotely related, but not material to the plaintiff's case as set forth in the petition, and hence was subject to special demurrer. Special demurrer 12 was properly sustained.

■ Paragraph 22 of the petition was subject to grounds 27 and 28 of the defendant's special demurrer that attacked it as a mere conclusion of the pleader. The paragraph characterized the defendant as a "mean and wilful woman" and attributed to her certain matters relating to her future conduct. Recovery was sought on acts she had committed, and not upon what she proposed to do in the future. Demurrers 27 and 28 should have

been sustained, and it was error for the trial court not to have done so.

The part of paragraph 23 of the petition relating the worldly circumstances of the plaintiff and defendant was appropriate to the action pleaded, the entire injury alleged being to the peace, happiness, and feelings of the plaintiff. Code § 105-2003. The allegation of the paragraph in reference to the child's worldly circumstances was not pertinent or germane to the cause pleaded. However, the special demurrer No. 29 attacks the whole of the paragraph and hence was properly overruled.

*Judgment on main bill reversed in part and affirmed in part. Judgment on cross-bill reversed in part and affirmed in part. Felton, C. J., and Nichols, J., concur.*