## 39204. BANKERS FIDELITY LIFE INSURANCE COMPANY v. HARRISON.

CUSTER, Judge. 1. The allegations of the first count of this petition, the answer, and the demurrers to each, are practically identical with *Bankers Fidelity Life Ins. Co. v. Morgan,* ante. For the reasons stated therein, the judgments of the trial court overruling the general demurrer to count 1 of this petition and sustaining the demurrer to certain portions of the answer were without error.

2. In this case a second count was added to the petition by amendment, after which demurrers were filed on the ground that the plaintiff is seeking to join in one pleading a count sounding in contract with one sounding in tort.

A cause of action arising ex contractu may not be joined in the same suit with a cause of action arising ex delicto. *Wolff v. Southern Ry. Co.,* 130 Ga. 251 (60 SE 569). While, if the

nature of the transaction partakes partly of contract and partly of tort, the plaintiff may waive the one and sue for the other (*Code* § 105-105), yet where there is a breach of warranty unmixed with fraud, the remedy is by a suit ex contractu for breach of the warranty. If on the other hand there has been actual fraud, the party defrauded has his election to sue on the warranty or bring an action ex delicto for the tort. *Dawson v. Pennaman*, 65 Ga. 698; *Yeomans v. Jones*, 54 Ga. App. 330 (1) (188 SE 62). The plaintiff in this case sought by amendment to add a second count to the petition, alleging that the defendant through its agents named in count 1 solicited from the plaintiff applications for life insurance on the lives of his three children; that the plaintiff was not an heir at law of said children, nor dependent on them, nor a debtor of any of them and therefore had no insurable interest in the lives of such children; that the contract was a mere wagering contract because of a lack of insurable interest on the part of the plaintiff, was absolutely void, and he has therefore been damaged in the sum equal to the amount paid for the stock plus the annual premiums paid by him on each policy. The plaintiff failed to allege in this count any fraud perpetrated on him by the defendant by which he was induced to enter into the contract. If the policies were in fact void as he alleges, an action at law in assumpsit would lie for the recovery of the premiums paid. *McCay v. Barber & Son*, 37 Ga. 423; *Jasper School District v. Gormley*, 184 Ga. 756 (193 SE 248). This is therefore an attempt on the part of the pleader to state a cause of action sounding in contract. *Brightwell v. Oglethorpe Telephone Co.*, 176 Ga. 65, 66 (166 SE 646); *Hayslip v. Long*, 86 Ga. App. 482, 492 (4) (71 SE2d 852). Since a tort is a violation of a private legal right other than a mere breach of contract express or implied, and since no legal wrong is set out other than the retention by the defendant of premiums paid out on an allegedly void policy of insurance which the defendant did not as contended in count 2 in any wrongful way procure the plaintiff to purchase, it follows that count 2 which was added by the amendment, sounds in contract. The petition as amended was accordingly subject to the demurrer urged on the ground that the plaintiff seeks in a single petition to join a cause of action ex contractu with one ex delicto. The third ground of demurrer should have

been sustained, since an action sounding in tort cannot be amended so as to base it on contract. *Hutchens v. Seaboard Air-Line Ry.*, 144 Ga. 312 (2) (87 SE 28); *Royal v. Byrd*, 51 Ga. App. 397 (2) (180 SE 520). The trial court erred in overruling the third ground of demurrer. This ruling makes it unnecessary to pass upon the two remaining grounds.

The trial court did not err in overruling the first two grounds of the demurrer, but erred in overruling ground 3.

*Judgment affirmed in part and reversed in part. Carlisle, P. J., and Eberhardt, J., concur.*

DECIDED NOVEMBER 17, 1961—REHEARING DENIED NOVEMBER 30, 1961.

*Sam F. Lowe, Jr.*, for plaintiff in error.
*L. H. Hilton, Hilton & Hilton*, contra.