## 39763. BANKERS FIDELITY LIFE INSURANCE COMPANY v. NEWTON.

EBERHARDT, Judge. 1. That the petition here is good as against the demurrers urged was settled by *Bankers Fidelity Life Ins. Co. v. Harrison,* 104 Ga. App. 899 (123 SE2d 438), and *Bankers Fidelity Life Ins. Co. v. Perkins,* 104 Ga. App. 902 (123 SE2d 440).

2. The evidence was substantially the same in nature as that in *Bankers Fidelity Life Ins. Co. v. Oliver,* 106 Ga. App. 305, (126 SE2d 887), and authorized a recovery of the premiums with interest thereon. The overruling of the general grounds of the motions for new trial and for judgment n.o.v. was proper.

3. After the selection of a jury for the trial of the case counsel for the defendant stated in open court that the president of the Bankers Fidelity Life Insurance Company "has authorized me to state *to this jury* and any other jury that anybody who honestly and sincerely feels that their situation is such that they ought to have their money back from this company

may have it back . . . insofar as these fourteen lawsuits are concerned, and I am authorized by [him] to tell *this jury* in that respect that we will undertake to settle all of the problems, not only the *return of the money,* but any other claims in connection with it." (Emphasis supplied). This statement was admitted in evidence as an admission in judicio in connection with a motion by the plaintiff for a directed verdict as to the premiums sought to be recovered, and on the basis thereof a verdict was so directed. Defendant urges that the statement was not an admission in judicio, but a statement with reference to a settlement offer, and assigns error both on the admission in evidence of the statement and the direction of the verdict. We see no error in the admission of the statement. We do not construe it as a settlement negotiation or statement. It was made in the presence of and addressed to the jury then trying the case. We must assume that any plaintiff "honestly and sincerely feels" that he is entitled to that which he seeks to recover, and since counsel stated a willingness on the part of the company to return the money sought to be recovered, there could be no error in the direction of a verdict for that item. It amounts to an admission of indebtedness to that extent.

4. Since this action was brought under former *Code* § 56-519 (now superseded by the 1960 Georgia Insurance Code, Title 56) for the recovery of a statutory liability, and neither attorneys' fees nor punitive damages could be recovered (*Bankers Fidelity Life Ins. Co. v. Oliver,* 106 Ga. App. 305, supra), the admission of evidence and any charge on either or both of these subjects was erroneous.

(For a statement of the allegations in the petition, demurrers, etc. see *Bankers Fidelity Life Ins. Co. v. Morgan,* 104 Ga. App. 894 (123 SE2d 433) and *Bankers Fidelity Life Ins. Co. v. Harrison,* 104 Ga. App. 899, supra, and for further statement of facts see *Bankers Fidelity Life Ins. Co. v. Oliver,* 106 Ga. App. 305, supra. The cases there and here are substantially the same in all respects.)

The judgment overruling the motion for new trial is affirmed upon condition that the attorneys' fees and punitive damages included in the judgment be written off, otherwise it stands reversed. Since this will result in a substantial modification of the judgment below, the costs on appeal are taxed against

the defendant in error. *Shaheen v. Kiker*, 105 Ga. App. 692, 697 (125 SE2d 541, 545); *Bankers Fidelity Life Ins. Co. v. Oliver*, 106 Ga. App. 305, 311, supra.

*Judgment affirmed on condition. Carlisle, P. J., and Russell, J., concur.*

DECIDED OCTOBER 25, 1962—
REHEARING DENIED NOVEMBER 8, 1962.

*Sam F. Lowe, Jr., Smith, Field, Ringel, Martin & Carr*, for plaintiff in error.

*Hilton & Hilton, L. H. Hilton*, contra.