### 31731. LEE *v.* PALMER.

DECIDED OCTOBER 3, 1947.

*Winfield Payne Jones,* for plaintiff.

*J. B. McCurdy,* for defendant.

SUTTON, C. J.  This was an action in trover instituted by the plaintiff against his former wife to recover certain household and kitchen furniture and other personal property in the home at the time of the separation.  The defendant denied the plaintiff's title and right of possession.  The judge, trying the case without a jury, found in favor of the defendant.  The plaintiff's amended motion for a new trial was overruled, and he excepted.

■ There was evidence from which the judge, trying the case without a jury, was authorized to find that the plaintiff agreed with the defendant, after the separation and before the institution of the action for divorce, that, if she would prosecute her divorce action without asking for alimony and counsel fees, she could have and keep all the furniture and property in dispute and that the defendant thereafter filed and prosecuted to a successful conclusion an action for divorce against the plaintiff without asking for or receiving attorney's fees or alimony.  The plaintiff denied making the agreement and contends that such agreement, if made, was without any valid consideration to support it.  The evidence, while conflicting, was sufficient to support the finding of the judge.  Under the law of this State, a wife in an action for divorce has the legal right to ask that she be granted alimony and counsel fees.  This right the wife may waive, either expressly or by failing to ask for the same in her petition for divorce.  In consideration of the agreement of the husband for her to have and keep all the property now in dispute between them, the wife in-

stituted and prosecuted her action for divorce to a successful conclusion without asking or receiving alimony or counsel fees. The agreement of the wife to forbear asking for alimony and counsel fees was sufficient consideration to support the agreement or contract of the husband for her to have and to keep the property now in dispute. "Slight consideration is sufficient to sustain a contract, and courts of law will not look closely into its adequacy. Forbearance to prosecute a legal claim, and the compromise of a doubtful right, are both sufficient considerations to support a contract." *Austell* v. *Rice,* 5 *Ga.* 472 (4, 5); *Wolfe* v. *Breman,* 69 *Ga. App.* 813 (2) (26 S. E. 2d, 633). The trial judge was authorized from the evidence to find that the plaintiff agreed with the defendant, after the separation and before the institution of the action for divorce, for her to have and to keep all the property in dispute and that this agreement was founded upon a valid consideration. The judgment in favor of the defendant is supported by the evidence, and the judge did not err in overruling the general grounds of the motion for a new trial.

■ In special ground 4 of the motion, complaint was made on the admission of testimony of the defendant to the effect that she had a conversation with the plaintiff after the separation and before she filed her action for divorce and that he told her that he would give her all the property now in dispute if she would go ahead and sue for divorce and not ask for alimony or counsel fees, and that she agreed not to ask for them and did not ask for them in her action for divorce. The objection raised by the plaintiff to the admission of this testimony was that it was not legally sufficient to show an agreement between the parties whereby title was conveyed from the plaintiff to the defendant. The court did not err in overruling the objection and allowing the testimony. "Three elements are essential to a contract of sale: 1. An identification of the thing sold. 2. An agreement as to the price to be paid. 3. Consent of the parties." Code, § 96-101. The property was sufficiently identified, as it was that personal property then in the home of the defendant. The agreement of the wife to forbear asking for counsel fees and alimony was sufficient consideration to support the agreement. The parties consented to the terms of the contract, and the defendant fully carried out her part of the agreement by prosecuting her action for a

divorce to a successful conclusion without asking or receiving alimony or counsel fees from the plaintiff. The judge did not err in overruling special ground 4 of the motion.

■ Error was assigned in special grounds 5 and 6 of the motion on the admission of testimony from witnesses for the defendant to the effect that the plaintiff told the defendant that "he was too much of a gentleman to take anything out of the house that he had given her" and told her attorney, when they were discussing the question of alimony for the defendant, that he would not pay her alimony but that all he wanted out of the house was just his personal effects and that he would not make any claim later to the property now in dispute because "he was too much of a gentleman to want to remove anything from the house" and for the attorney to go ahead and file the defendant's action for divorce and that the attorney told him he "wouldn't sue for any alimony and it would be all right." The objections to this testimony were that it was legally insufficient to convey title to the property in dispute to the defendant; and that, even it were sufficient to show an agreement by the plaintiff to convey the property to the defendant in consideration of her agreement not to ask for alimony and counsel fees, her remedy would be an action for damages for breach of the agreement and the agreement would not constitute any ground of defense to the present action. The court did not err in overruling the objections and allowing the testimony. There was an identification of the property, a consideration moving from the defendant to the plaintiff, in that he received the benefit of her refraining from asking the court to allow her counsel fees and alimony in her action for divorce, and, upon the defendant prosecuting her action for a divorce to a conclusion without asking for or receiving alimony or counsel fees, the sale was consummated and any title held by the plaintiff to the property now in dispute was conveyed to the defendant. The judge did not err in overruling special grounds 5 and 6 of the motion.

■ The judgment of the judge, trying the case without the intervention of a jury, is supported by the evidence, no error of law appears, and the judge did not err in overruling the plaintiff's motion for a new trial.

*Judgment affirmed. Felton and Parker, JJ., concur.*