44390. BILL HEARD CHEVROLET COMPANY, INC. v. ATLANTIC DISCOUNT COMPANY, INC.

JORDAN, Presiding Judge. A salesman for the defendant automobile dealer, without the knowledge of the dealer, fraudulently induced the plaintiff discount company on two occasions to issue checks payable to the defendant, for $1,500 and $2,000, which he then delivered to the defendant, and which the defendant negotiated, applying some or all of the proceeds as directed by the salesman. The salesman obtained the check from the discount company on each occasion by presenting a false conditional-sale agreement, one which he purportedly executed, and one which he and his wife purportedly executed, the instalments on the first payable to the dealer, and on the second payable to the discount company, each contract being purportedly assigned without recourse to the discount company by an authorized representative of the dealer, but these purported signatures were in fact forgeries. The salesman absconded and the discount company brought the present action against the automobile dealer for money had and received for the amount received by the dealer as represented by the checks, less credits because of payments made by the salesman to the discount company. The lower court granted summary judgment to the plaintiff, and the defendant appeals. *Held:*

We think the record makes it clear that whoever must bear the ultimate loss resulting from the fraudulent scheme of the defendant's salesman is an innocent victim, whether the plaintiff or the defendant, but the law is settled that an

action lies in all cases where one has received money which another, ex aequo et bono, is entitled to recover and which the recipient is not entitled in good conscience to retain. *Whitehead v. Peck,* 1 Ga. 140; *Fain v. Neal,* 97 Ga. App. 497 (103 SE2d 437). The negligence of the complaining party will not defeat the action, unless there is a violation of a positive legal duty owed to the defendant. *Dobbs v. Perlman,* 59 Ga. App. 770 (1) (2 SE2d 109). The present case is clearly distinguishable from that involving the payment by a bank on a forged instrument, in which the bank is regarded as making the payment out of its own funds, and cannot charge the amount to the account of the depositor whose name is forged, for such a holding is necessarily predicated on the absence of any showing that the depositor was the recipient of the proceeds. See *Federal Deposit Ins. Corp. v. Thompson,* 54 Ga. App. 611 (188 SE 737). Here it is clear that the defendant, by negotiating the two checks issued by the plaintiff and payable to the defendant, obtained money which belongs to the plaintiff and which it had no right to retain, even though it acted at all times in good faith, and regardless of the manner in which it may have applied any part of the proceeds as directed by its salesman to enable him to cover up and profit by his fraudulent scheme. The material facts in this respect being undisputed, the plaintiff was entitled to recover as a matter of law, and the lower court did not err in granting summary judgment for the plaintiff.

*Judgment affirmed. Hall and Whitman, JJ., concur.*

Submitted April 8, 1969—Decided September 24, 1969.

*Roberts & Thornton, Jack M. Thornton,* for appellant.
*Dan S. Beeland,* for appellee.