## 46150. FEDERAL EMPLOYEES CREDIT UNION v. CAPITAL AUTOMOBILE COMPANY.

WHITMAN, Judge. The complaint of the plaintiff credit union alleged that the defendant automobile dealer was indebted to it for a certain sum because of certain alleged facts. The defendant dealer denied all of the material allegations. The case was tried without a jury and a judgment was rendered in favor of the defendant. The plaintiff appeals to this court from the denial of its motion for a new trial as amended and enumerates same as error.

The following facts appear from the evidence adduced on the trial: The plaintiff credit union agreed to loan money to one Harry E. Pierce to apply toward the purchase of a certain automobile, with said loan to be secured by a lien on the automobile in favor of the credit union. The credit union thereupon drew a check for the amount of the loan payable "to the order of Harry E. Pierce and Capital Automobile Company." On the reverse side of the check the following stipulation appeared: "The within named automobile dealer payee certifies that the interest of The Federal Employees Credit Union, P. O. Box 1544, Atlanta, Georgia 30311, is recorded on the title issued to: Mr. Harry E. Pierce, 1967 Cadillac Convertible, 8 Cyls., Motor No: F7-182348."

Pierce endorsed the check. Then the defendant dealer endorsed the check and deposited it to its account. However, no sale occurred between the defendant dealer and Pierce. The defendant dealer thereafter gave checks for the same amount received payable not to plaintiff but to Pierce.

The loan to Pierce is in default; Pierce has absconded; and plaintiff has no lien on the Cadillac. Held:

The check drawn by the plaintiff in the way above indicated was

an offer by it to accommodate the proposed purchase sale between the defendant dealer and Pierce in the manner stated. By the act of endorsing and depositing the check to its account the defendant dealer accepted the offer and it retained the plaintiff's funds for a special purpose, i.e., to apply same as purchase money for the described automobile on behalf of Pierce and to record the plaintiff's interest in the automobile on the title issued to Pierce.

When the special purpose for which defendant held plaintiff's funds failed, it became defendant's duty to return same to plaintiff. *Broome v. Cavanaugh,* 102 Ga. App. 563 (1) (116 SE2d 881); *Whitaker v. Creedon,* 97 Ga. App. 320 (1a) (103 SE2d 175); *Holtsinger v. Beverly,* 53 Ga. App. 614 (186 SE 776); *Chatham Motor Co. v. De Sosa,* 48 Ga. App. 257 (172 SE 604). That defendant no longer has the money because it gave or returned same to someone else (Pierce) is no defense, nothing else appearing. "[T]he law is settled that an action lies in all cases where one has received money which another, ex aequo et bono, is entitled to recover and which the recipient is not entitled in good conscience to retain." *Bill Heard Chevrolet Co. v. Atlantic Discount Co.,* 120 Ga. App. 388 (170 SE2d 740).

The judgment rendered in favor of the defendant was not authorized by any of the evidence in the case or under any theory of the law which has been urged. The plaintiff's motion for a new trial should have been granted and the trial court erred in not doing so.

Reversed with direction that if upon a new trial the evidence is the same, a verdict be directed in favor of the plaintiff.

*Judgment reversed. Hall, P. J., and Eberhardt, J., concur.*
Submitted April 6, 1971—Decided June 29, 1971.

*Sam G. Dettelbach,* for appellant.

*Westmoreland, Hall & Bryan, John L. Westmoreland, Jr., J. M. Crawford,* for appellee.