REBSAMEN COMPANIES, Inc., d/b/a
REBSAMEN FORD COMPANY *v.*
ARKANSAS STATE HOSPITAL EMPLOYEES
FEDERAL CREDIT UNION

74-329                                        522 S.W. 2d 845

Opinion delivered May 19, 1975

*Moses, McClellan, Arnold, Owen & McDermott,* by: *William L. Owen,* for appellant.

*Walker & Hirby,* by: *H. Oscar Hirby,* for appellee.

CONLEY BYRD, Justice. This litigation arises out of the sale of a 1974 Ford pickup truck by appellant, Rebsamen Companies, Inc., d/b/a Rebsamen Ford Company, to George H. Miller and Miller's financing arrangements with appellee, Arkansas State Hospital Employees Federal Credit Union. The trial court found that appellant had agreed to record appellee's lien against the truck and that because of appellant's failure to record the lien, it was jointly and severally liable with George H. Miller for the balance due on the note together with interest and attorney's fees. The trial court also gave appellee a lien on the truck in the possession of George H. Miller together with a writ for possession. For reversal appellant contends:

"I. The trial court erred in awarding appellee a judgment against the appellant, Rebsamen Ford, upon the promissory note executed by the other defendant George Miller, to which appellant was not a party.

II. There is no substantial evidence to support a contractual relationship between appellant and appellee."

Edna Miller, appellee's office manager, testified that when George Miller made application for a loan he presented one of appellant's forms showing that he was purchasing a

1974 Ford pickup, Serial No. F10AUT24479. That after talking with the appellant's salesman and the billing department she caused appellee's check No. 20704 to be drawn payable to George H. Miller and Rebsamen Ford Inc., in the amount of $2975.00. In accordance with her conversation with the billing department she placed in red ink the notation on the check, "Please record our lien in amount of this check 1974 Ford pickup F10AUT24479." After waiting a reasonable time to receive notification from the State Motor Vehicle Department that appellee's lien had been recorded, she started checking with the Motor Vehicle Department to see why she had not received the notification of the perfection of her lien. In her check with the Motor Vehicle Department she determined that appellant had sold the Ford pickup F10AUT24479 to Karl Krick. She also determined that on November 29, 1973, appellant had sold a Ford pickup F10GUS87202 to George H. Miller and had treated the same as a "cash transaction." Appellee's check No. 20704, supra, under date of December 1, 1973, had been endorsed by both appellant and George H. Miller. Miller was then in default and owed a current balance of $2,847.36.

Gene Beavers, appellant's business manager, testified that as far as appellant was concerned the sale to George H. Miller was a cash deal.

Curtice Ratcliff, appellant's sales manager, testified that Travis Henderson and Gary Williams were the salesmen involved in the transaction and that when they brought the transaction to him for approval nothing was said to him about financing.

When we consider the evidence of Mrs. Edna Miller, together with the notation on the check and the fact that the check was made out to George H. Miller and appellant, we find sufficient evidence to sustain the Chancellor's finding that appellant had agreed to record the lien. In fact it is difficult to understand how appellant could accept the check with the notation thereon and still claim that so far as it knew it had no knowledge of any financing arrangements.

The ordinary damage rule for a breach of a contract is to place the plaintiff in the same financial position in which he

would have been had the promise not been broken. See *Blair v. U.S. for Use and Benefit of Gregory-Hogan*, 150 F 2d 676 (8th Cir. 1945). Had appellant recorded the lien as appellee contends then appellee would have only had security to the extent of the value of the truck — not necessarily for the balance of the loan. Consequently, it follows that the trial court erred in rendering judgment jointly against appellant and George H. Miller for the balance due. However, since the security also called for interest and the allowance of a reasonable attorney's fee, appellant would be liable for that amount up to the value of the security.

Appellee to sustain the action of the trial court in awarding damages jointly against appellant and George H. Miller relies upon *Federal Employees Credit Union v. Capital Automobile Company*, 124 Ga. App. 144, 183 S.E. 2d 39 (1971). In that case the automobile dealer endorsed a check with a notation similar to the one here involved and instead of selling an automobile issued his own check to the credit union borrower. The court there held the automobile dealer liable for the full amount of the money received as in cases of fraud involving parties in pari delicto.

The facts in this case were developed in the trial court on the theory that appellant and George H. Miller were jointly liable. In view of the trial court's ruling, it was not necessary for appellee to develop the facts to determine whether the Ford pickup F10AUT24479, upon which the loan was made, was equal in value to the truck purchased by George H. Miller. There is some indication in the record that if the lien had been perfected against the vehicle actually purchased no law suit would have been filed against appellant. Furthermore, the trial court in addition to ordering the sale of the truck purchased by George H. Miller retained jurisdiction to permit appellant to amend and cross-complain against George Miller. If the two trucks were equal in value and the one in Miller's possession has been sold, then appellant would have no liability beyond the value of the truck and incidental court costs. Therefore, to do equity between the parties we are reversing and remanding with leave to the trial court to hear additional testimony if necessary to determine the liability of appellant, if any.

Reversed and remanded.