## 56460. ATLANTA MOTORCYCLE SALES, INC. v. FULTON NATIONAL BANK.

WEBB, Judge.
Fulton National Bank issued a check for $2,600 to James T. Carter and Atlanta Motorcycle Sales which was negotiated by both payees. The check contained the following restrictive endorsement: "The within check represents payment in full of purchase price of one 1976 Honda GL 1000, automobile, motor number F2021215 sold to James T. Carter. The undersigned seller has applied for title certificate in name of this purchaser indicating first lien thereon in name of the Fulton National Bank, Atlanta, Georgia."

Notwithstanding the endorsement, the seller failed to apply for a title certificate showing a first lien in the name of the bank. Carter filed a bankruptcy discharging the loan made to him, the bank received no part of the $2,600 loan made to him, and did not have a lien on the vehicle. The bank asked for judgment had and received, claiming that the seller had not applied the funds provided by the bank for the purpose intended. The parties stipulated the value of the vehicle on the date of default by Carter to be $1,800.

Judgment was rendered for the bank for the face amount of the check plus interest. The seller appeals contending, without citation of any authority in support, that the bank should recover only $1,800, the stipulated value of the vehicle.

"By the act of endorsing and depositing the check to its account the defendant dealer accepted the offer and it retained the plaintiff's funds for a special purpose, i. e., to apply same as purchase money for the described automobile in behalf of Pierce and to record the plaintiff's interest in the automobile on the title issued to Pierce. When the special purpose for which defendant held plaintiff's funds failed, it became defendant's duty to return same to plaintiff." *Federal Employees Credit Union v. Capital Automobile Co.,* 124 Ga. App. 144, 145 (183 SE2d 39) (1971).

"[T]he defendant, by negotiating the two checks issued by the plaintiff and payable to the defendant, obtained money which belongs to the plaintiff and which it had no right to retain, even though it acted at all times in good faith. . ." *Bill Heard Chevrolet Co. v. Atlantic Discount Co.,* 120 Ga. App. 388, 389 (170 SE2d 740) (1969).

*Judgment affirmed. Quillian, P. J., and McMurray, J., concur.*

SUBMITTED SEPTEMBER 6, 1978 — DECIDED SEPTEMBER 25, 1978.

*Parker, Parker, Poss & Loomis, Richard F. Shepherd,* for appellant.

*Macey & Zusmann, Jay I. Solomon,* for appellee.