63239. LARRY'S MOBILE HOMES, INC. et al. v. ROBINS
FEDERAL CREDIT UNION.

SHULMAN, Presiding Judge.

Appellee made a loan to Anderson for the purpose of purchasing a mobile home. Appellee's check for the proceeds of the loan was made jointly to Anderson and to Larry's Mobile Homes, Inc. (hereinafter "Larry's"). On the back of the check was a stamp, part of which was smeared and illegible, providing that the endorser warranted that appellee's security interest in the mobile home described thereon would be shown on the application for a title. The check was signed on the back by Anderson and by Larry's president, Fortney, and was cashed. Part of the proceeds were used as a down payment on a mobile home and the balance was paid to Anderson in cash. Larry's arranged financing with another creditor and prepared a title application showing that second creditor as the only lien holder. When appellee discovered that it had no lien on the mobile home and that Anderson had defaulted on the note to the other creditor, resulting in repossession of the mobile home, appellee brought suit against Larry's and Fortney. Anderson's debt was discharged in bankruptcy. This appeal is from the grant of summary judgment to appellee against both appellants.

1. Appellants contend that there remained questions of fact concerning the efficacy of the restrictive endorsement placed on the back of the check by appellee. The basis of that argument is the fact that some of the words placed on the back of the check by means of a stamp were smeared and illegible. However, Fortney testified on deposition that it was his practice to endorse and negotiate checks from appellee without reading the stamp on the back of the check here involved. That failure either to read the back of the check when there was an opportunity to do so or to inquire concerning the full text of the smeared stamp prevents the raising of any defense based on ignorance of the content of the restrictive endorsement. See *Mullinax v. Shaw,* 143 Ga. App. 657 (1) (239 SE2d 547). See also *Alropa Corp. v. Snyder,* 182 Ga. 305, 313 (185 SE 352): "Notice sufficient to excite attention and put a party on inquiry shall be notice of everything to which it is afterwards found such inquiry might have led. Ignorance of a fact, due to negligence, shall be equivalent to knowledge, in fixing the rights of parties." The unrebutted evidence in this case is that an inquiry would have led to a full disclosure of the smeared restrictive

endorsement. Having failed to try to read the endorsement, appellants are bound by its terms. There being no other reason advanced for reversal of summary judgment against Larry's, we find no error in the judgment entered against that defendant. See *Atlanta Motorcycle Sales v. Fulton Nat. Bank,* 147 Ga. App. 297 (248 SE2d 558).

2. As to Fortney, however, the situation is otherwise. He enumerates as error the entry of judgment against him as an individual, contending that there is no evidence that he acted in any capacity other than that of president of Larry's. Appellee argues that this appeal is the first occasion on which Fortney has attempted to raise that defense. However, we note that Fortney denied all the allegations of liability in the complaint which named him as an individual defendant and that Fortney moved to dismiss the complaint for failure to state a claim against him. Under those circumstances, we cannot agree that Fortney failed to raise in the trial court the issue of his liability as an individual. No affirmative defense is required in this instance under Code Ann. § 81A-108 (c).

The endorsement placed on the reverse of the check by Fortney reads as follows: "LARRY'S MOBILE HOMES, INC. by Lawrence Fortney, Pres." This sort of signature is governed by Code Ann. § 109A-3—403 (3): "Except as otherwise established the name of an organization preceded or followed by the name and office of an authorized individual is a signature made in a representative capacity." Fortney is correct in his assertion that there was no evidence in the record of this case which would establish any other capacity for him than that of president of Larry's. It follows that the trial court's grant of summary judgment against Fortney as an individual was error and must be reversed.

*Judgment affirmed in part; reversed in part. Quillian, C. J., and Carley, J., concur.*

DECIDED MARCH 12, 1982 —
REHEARING DENIED MARCH 26, 1982 —

*Mary Mendel Katz,* for appellants.
*George E. Saliba,* for appellee.