## 63723. DeKALB COUNTY EMPLOYEES FEDERAL CREDIT UNION v. D. L. CLABORN BUICK, INC.

SHULMAN, Presiding Judge.

Appellant DeKalb County Employees Federal Credit Union (DCE) filed suit for money had and received against appellee D. L. Claborn Buick, Inc. (D. L. Claborn) and against James Scruggs (not a party to this appeal), seeking $9,849.22 in damages plus attorney fees. DCE now appeals from a judgment which awarded it $3,013 plus interest and denied its request for attorney fees. The pertinent facts as found by the trial judge and supported by the record are as follows.

On March 29, 1979, Scruggs obtained a loan of $9,849.22 from DCE to purchase a new Buick Riviera automobile from D. L. Claborn. A portion of the loan proceeds was apparently used to extinguish a lien DCE held on another Scruggs automobile which the debtor traded in to D. L. Claborn as partial payment for the Riviera. The balance of the purchase price ($4,360) was paid by a check from DCE payable jointly to Scruggs and D. L. Claborn. The reverse side of the check contained a stamped sentence in which the endorsers warranted that their endorsements released the lien on the Buick Riviera more particularly described therein and that the title would be mailed to DCE. Scruggs and a D. L. Claborn representative endorsed the check and it was deposited in appellee's account. However, appellee failed to record DCE's security interest in the automobile and mailed the certificate of title to Scruggs instead of DCE.

Some five months later, Scruggs, having what appeared to be clear title to the Riviera, traded it in at Bill Davidson Buick, Inc., to purchase a more expensive automobile. He then absconded, and his whereabouts were unknown at the time of trial. Shortly thereafter, D. L. Claborn informed DCE of its error and of the State Department of Revenue's decision that a corrected duplicate title could not be issued due to the transaction with Bill Davidson Buick.

DCE instituted an action against Scruggs, received a default judgment, and was able to recover $3,000 of the default judgment by means of a garnishment action. The instant action was then filed to recover the balance of the amount owed by Scruggs.

The trial court concluded as a matter of law that, were no other circumstances present, appellee would be liable to DCE for the amount owed on the note, $6,013.00. However, the court further determined that DCE had failed to use reasonable means to mitigate its damages and therefore was not entitled to recover the entire amount due. The alleged failure to mitigate damages occurred when DCE did not purchase the Buick Riviera from Bill Davidson Buick

for $5,000. Bill Davidson later sold the car for $8,000. DCE appeals on the ground that it had no affirmative legal duty to mitigate its damages and was therefore entitled to full recovery of the debt. We agree and reverse.

The cases are very clear on this point of law. "The check drawn by the plaintiff [DCE] in the way above indicated was an offer by it to accommodate the proposed purchase sale between the defendant dealer and [Scruggs] in the manner stated. By the act of endorsing and depositing the check to its account the defendant dealer accepted the offer and it retained the plaintiff's funds for a special purpose, i.e., to apply same as purchase money for the described automobile on behalf of [Scruggs] and to record the plaintiff's interest in the automobile on the title . . ." *Federal Employees Credit Union v. Capital Auto. Co.,* 124 Ga. App. 144, 145 (183 SE2d 39). Accord, *Atlanta Motorcycle Sales v. Fulton Nat. Bank,* 147 Ga. App. 297 (248 SE2d 558); *Larry's Mobile Homes v. Robins Federal Credit Union,* 161 Ga. App. 822 (288 SE2d 800).

"We think the record makes it clear that whoever must bear the ultimate loss resulting from the fraudulent scheme of [Scruggs] is an innocent victim, whether the plaintiff or the defendant, but the law is settled that an action lies in all cases where one has received money which another, ex aequo et bono, is entitled to recover and which the recipient is not entitled in good conscience to retain. [Cits.] The negligence of the complaining party will not defeat the action, unless there is a violation of a positive legal duty owed to the defendant. [Cit.]" *Bill Heard Chevrolet Co. v. Atlantic Discount Co.,* 120 Ga. App. 388-89 (170 SE2d 740).

The trial court incorrectly concluded that DCE failed to exercise reasonable means to mitigate its damages when it did not purchase the Buick in the possession of Bill Davidson. As an unperfected lienholder it had no legal rights to this automobile as against Bill Davidson, a stranger to the initial transaction; nor was any positive legal duty owed D. L. Claborn, whose employee, through negligence or inadvertence, caused DCE to lose its lien. While DCE had a legal obligation to do nothing to prejudice the rights of D. L. Claborn or to increase its damages, the amount of damages was fixed at the time D. L. Claborn failed to comply with the terms of the conditional delivery of the funds as clearly set out by the terms of the loan and the endorsement on the check. Thus the effect of the trial court's ruling was to impose an affirmative duty on the innocent party rather than the culpable one. Even though D. L. Claborn may have acted in good faith at all times, when the special purpose of the conditional delivery of the funds failed, DCE was entitled as a matter of law to the return of the money lent or its equivalent. *Bill Heard Chevrolet Co.,* supra.

*Judgment reversed. Quillian, C. J., and Carley, J., concur.*

Decided June 18, 1982.

*J. Tyler Tippett, Walter H. Hotz,* for appellant.
*Homer S. Mullins,* for appellee.