A89A0239. FIRST UNION NATIONAL BANK OF NEWNAN
v. GENERAL MOTORS ACCEPTANCE CORPORATION.
(381 SE2d 573)

McMURRAY, Presiding Judge.

Plaintiff First Union National Bank of Newnan brought suit against defendant General Motors Acceptance Corporation ("GMAC"), seeking damages for money had and received, conversion and breach of contract. It was alleged that plaintiff sent a check in the amount of $12,094.26 to GMAC to pay the balance due on an automobile loan; that the check was tendered on condition that GMAC release its lien on the automobile collateralizing the loan and deliver the title certificate to plaintiff; and that GMAC accepted the check but did not deliver the title certificate to plaintiff. GMAC answered the complaint and denied it was liable to plaintiff.

Following discovery, the case proceeded to trial. The plaintiff introduced the payoff check and an accompanying letter into evidence. The payoff check was not endorsed restrictively. The accompanying

letter simply read: "To Whom It May Concern: Please find enclosed Cashier's Check # 35691 in the amount of $12,094.26 to payoff the loan in the name of Robert Head, Jr., on a 1985 Trans Am #1G2FW87F6FL650657. Please release your lien and forward to my attention. Thank you for your help in this matter."

GMAC moved for a directed verdict at the close of plaintiff's evidence. The motion was granted and judgment was entered accordingly. Plaintiff appeals, enumerating error upon the grant of defendant's motion for a directed verdict. *Held*:

When a lien appearing on a certificate of title is satisfied, "[t]he security interest holder or lienholder having custody of a certificate of title must deliver the certificate of title to the next lienholder or security interest holder within ten days after his lien or security interest has been satisfied and, if there is no other security interest holder or lienholder, he must deliver the certificate of title to the owner." OCGA § 40-3-26 (c). See OCGA § 40-3-56 (a). Thus, in the case sub judice, GMAC properly forwarded the certificate of title to the owner of the automobile when the loan was paid off by plaintiff.

Plaintiff contends the loan was paid off on condition GMAC deliver the certificate of title to plaintiff. It maintains that GMAC had a duty to return the check to plaintiff because GMAC did not comply with the condition. See in this connection *Federal Employees Credit Union v. Capital Auto. Co.*, 124 Ga. App. 144 (183 SE2d 39); *Atlanta Motorcycle Sales v. Fulton Nat. Bank*, 147 Ga. App. 297 (248 SE2d 558); *Larry's Mobile Homes v. Robins Fed. Credit Union*, 161 Ga. App. 822 (288 SE2d 800).

If plaintiff had paid the loan upon condition that GMAC deliver the certificate of title to plaintiff, we would be inclined to agree with plaintiff's contention. The evidence adduced at trial, however, does not demonstrate that the payoff check was forwarded to GMAC conditionally. Rather, the evidence demonstrates that the payoff check was forwarded to GMAC unconditionally.

The check bore no restrictive endorsement. Compare *Federal Employees Credit Union v. Capital Auto. Co.*, 124 Ga. App. 144, supra; *Atlanta Motorcycle Sales v. Fulton Nat. Bank*, 147 Ga. App. 297, supra; *Larry's Mobile Homes v. Robins Fed. Credit Union*, 161 Ga. App. 822, supra. True, the check was accompanied by a letter. But the letter imposed no condition upon GMAC. It simply *requested* that the lien be released and forwarded. It did not establish a condition for the acceptance of the check.

Even when viewed favorably to plaintiff, the evidence fails to demonstrate that GMAC accepted the payoff check in violation of a condition or a special purpose for which the check was delivered. Accordingly, the trial court did not err in granting GMAC's motion for a directed verdict.

*Judgment affirmed. Carley, C. J., and Beasley, J., concur.*

DECIDED APRIL 13, 1989.

*Glover & Davis, Michael E. Sumner*, for appellant.
*McCullough & Pane, John G. McCullough*, for appellee.