A92A1337. FREEMAN v. BENTLEY.
A92A1338. BENTLEY v. BENTLEY.
(422 SE2d 435)

BEASLEY, Judge.

Pursuant to OCGA § 44-14-230 et seq., Catherine Bentley instituted this action against her former husband, Verney Bentley, and Jimmy Freeman to foreclose a security interest in a 1930 Cord Phaeton automobile. All three parties are aficionados of antique or classic cars.

The Bentleys were divorced in 1986 in Cherokee County. Their divorce decree, which incorporated a settlement agreement, gave Mrs. Bentley a first lien on the automobile as security for Mr. Bentley's periodic payment of lump-sum alimony. The divorce decree required Mr. Bentley to remove any existing debts against the car and execute any documents deemed necessary by Mrs. Bentley to perfect her security interest. Mrs. Bentley never took steps to perfect her security interest, even though she was told by Mr. Bentley after the divorce that he would make sure she never got the car.

In 1987, Mr. Bentley sold this car to Jefco Leasing Company, through its owner Mr. Freeman, for $15,000. Freeman, who lives in Acworth, testified that he has known Mr. Bentley, who lives in Woodstock, since the late 1970s, which was around the time the Woodstock Road Club was formed. Freeman also had a business dealing with Bentley in Bentley's capacity as a leasing agent for real property. He had also seen Bentley at Woodstock Rotary Club meetings, but Freeman was not a member. He testified that he and Bentley are casual acquaintances and not social friends, and he was not aware of the Bentleys' divorce.

Freeman further testified that Bentley offered to sell him the car for $35,000; but the car was disassembled, as it was in the process of being restored, and the engine would not run on all cylinders. They settled on a price of $15,000. Shortly after selling the car to Freeman, Bentley declared bankruptcy. The trustee in bankruptcy obtained from Freeman a copy of the check which he had given to Bentley and the bill of sale. Bentley testified that he sold the car to Freeman for $15,000 because he was destitute, and that was all he could get for it.

Mrs. Bentley testified that the car was a rare and exceptional car, and that it was her and her former husband's pride and joy. They purchased it from another car enthusiast in 1967 for $5,000, although it was worth more. They drove it for years in its original condition and then began to restore it. In the late 1970s, they were offered

$125,000 for it. In her opinion, the car was worth $150,000 to $175,000.

Donald Peterson testified that in 1986 he was employed by Mr. Bentley to appraise the car while it was undergoing restoration. He appraised it at $65,000, but he had been told that the engine needed an overhaul and did not test it. He testified that the fact that a car is disassembled because it is being restored will not appreciably affect its value, so long as it is in good running order and its component parts are available.

Freeman testified that Bentley was supposed to have the car in such condition that it could be moved shortly after the sale, but it remained in Bentley's possession for over a year. During that time, Bentley continued the restoration. Freeman paid him additional compensation for this, and he has paid a total of $12,000 for restoration since he bought it. In late 1988, Freeman moved the car to Carrollton and from there to a builidng which he owns in Cobb County. An individual hired by Mrs. Bentley and posing as a prospective buyer went to this location and talked to Mr. Bentley there. Bentley stated that the car was his.

Due to its age, the car has never had a certificate of title.

"A title certificate is not required for a pre-1963 automobile; however, the only way to perfect a security interest in any automobile since the enactment of the Uniform Commercial Code is by filing under the Motor Vehicle Certificate of Title Act. [Cits.]" *Harper v. Avco Fin. Svcs.*, 124 Ga. App. 6, 7 (183 SE2d 89) (1971). See OCGA §§ 40-3-4 (17); 11-9-302 (4); 40-3-50. Mrs. Bentley did not follow this procedure, so she had only an unsecured interest.

A failure to perfect a security interest in a motor vehicle pursuant to the certificate of title act does not nullify the security interest, although the unsecured party may lose priority where the rights of third parties are concerned. See *Hallman v. State*, 141 Ga. App. 527 (1) (233 SE2d 839) (1977); see also *Richardson v. Park Ave. Bank*, 173 Ga. App. 43 (325 SE2d 455) (1984). When an individual buys goods not in the ordinary course of business, an unperfected security interest is subordinate to the rights of the buyer to the extent that the buyer gives value and receives delivery without knowledge of the security interest and before it is perfected. See OCGA §§ 11-9-301 (1) (c); 11-1-201 (9). "Knowledge of a fact is defined in the Uniform Commerical Code as actual knowledge." *Hopkins v. Kemp Motor Sales*, 139 Ga. App. 471, 473 (228 SE2d 607) (1976). OCGA § 11-1-201 (25) (a). Reason to know, a type of notice described in OCGA § 11-1-201 (25) (c), is not enough. See *Clarke v. Ingram*, 107 Ga. 565, 569 (1) (33 SE 802) (1899).

The trial court, after a bench trial, granted Mrs. Bentley's request for a writ of possession on the basis of a superior interest but

made no finding of any specific amount due on the alimony. As to her interest being superior to Freeman's, the court found that Mr. Bentley and Freeman were more than casual acquaintances, that Freeman was aware of the recent divorce, that he "more than likely knew" Mrs. Bentley was awarded the interest in the car, that he never searched court records for the divorce decree, that the price paid by Freeman for the car was significantly below its attested value, and that the evidence was sufficient to show that he was not a bona fide purchaser. In the court's view, the evidence showed circumstantially that Freeman had actual knowledge of Mrs. Bentley's interest.

After the notice of appeal was filed but before the case was docketed in this Court, Mrs. Bentley sought a supersedeas bond, on grounds that OCGA § 44-14-237 requires a bond to be posted before property can be moved and Freeman had moved the car outside Cobb County during the pendency of this case. At the hearing on the motion, the court found the car to be valued between $60,000 and $68,000 and set the supersedeas bond at $40,000, stating that this was to ensure that the car would be maintained and not lose its value.

In Case No. A92A1337, Freeman and Jefco have filed an appeal. In Case No. A92A1338, Mr. Bentley has filed an appeal pro se.

1. There is no direct evidence, and insufficient circumstantial evidence for an inference that Freeman had actual knowledge of Mrs. Bentley's unrecorded and unperfected security interest. See generally OCGA § 24-4-9. Mrs. Bentley failed to record her security interest, and she did not carry her burden of proving that Freeman had actual knowledge of her interest, which was documented only in the divorce decree's incorporated agreement. Even assuming knowledge of the divorce, the leap from this knowledge to knowledge of the security interest is too great to be accomplished on the strength of tenuous inference.

As to the exchange of value, although the car may have been worth considerably more than Freeman paid for it, he did give value. See OCGA § 11-1-201 (44) (d); *Lee v. Palmer*, 75 Ga. App. 752, 754 (1) (44 SE2d 516) (1947).

2. OCGA § 5-6-46 (a), not OCGA § 44-14-237, applies to the bond sought after notice of appeal was filed in this case. It generally provides that although the notice of appeal serves as a supersedeas in civil cases, upon motion by the appellee the trial court may require that a supersedeas bond be given. However, the issue is moot and will not be ruled on. *Salim v. Salim*, 244 Ga. 513, 514 (1) (260 SE2d 894) (1979).

3. Mr. Bentley's appeal is dismissed pursuant to Rule 14 (a), because he did not comply with the order of this court to file a brief in compliance with Rule 15 (c) (3).

*Judgment in Case No. A92A1337 reversed. Appeal in Case No.*

*A92A1338 dismissed. Birdsong, P. J., and Andrews, J., concur.*

DECIDED SEPTEMBER 8, 1992.

H. Darrell Greene & Associates, H. Darrell Greene, Paul Shimek III, for appellant.

Verney E. Bentley, Jr., *pro se.*

Harry W. Krumenauer, for appellee.