A01A0111. SUNTRUST BANK, ATLANTA v. ATLANTA CLASSIC CARS, INC.
(549 SE2d 523)

POPE, Presiding Judge.

SunTrust Bank, Atlanta funded a car loan by issuing a check to Atlanta Classic Cars, Inc. ("ACCI") so that its customer could purchase a car. The check included a conditional endorsement whereby ACCI warranted that it would list SunTrust as the first lienholder on the application for a certificate of title. ACCI cashed the check but did not comply with the endorsement. The issue in this case is whether SunTrust is entitled to recover the full amount of the loan from ACCI under the theory of money had and received even though breach of the endorsement did not cause SunTrust's loss. We hold that the bank may not recover under that theory, because, as applied to this scenario, the theory implicitly includes a requirement of causation.

Construed in favor of ACCI, the facts show that in 1997, Elizabeth Bassett purchased a Porsche from ACCI financed by SunTrust, with the loan secured by the car. On April 18, 1997, SunTrust wrote

ACCI, instructing it to list SunTrust as the first lienholder on the car when it applied for a title. Three days later, SunTrust issued a cashier's check payable to ACCI with the conditional endorsement. It is undisputed that ACCI initially failed to satisfy the endorsement. Bassett, a Florida resident, took the car there, where it was stolen and totaled by her estranged husband. Bassett then defaulted on the loan.

Starting about one year after SunTrust's check was cashed, ACCI attempted to obtain a replacement title showing SunTrust as the first lienholder. Although ACCI was apparently successful, SunTrust argues that the replacement title is not valid.

In its suit against ACCI, SunTrust moved for partial summary judgment claiming that ACCI was liable for the amount of the cashier's check as a matter of law under the theory of money had and received because ACCI did not comply with the terms of the conditional endorsement on the check. The court denied SunTrust's motion because no third party claimed a superior interest in the car, and, therefore, ACCI's failure to comply with the conditional endorsement did not cause SunTrust any harm. We granted SunTrust's application for interlocutory review and, having reviewed the record more closely, affirm the trial court's denial of the motion for partial summary judgment.

"An action for money had and received is founded upon the equitable principle that no one ought unjustly to enrich himself at the expense of another, and is maintainable in all cases where one had received money under such circumstances that in equity and good conscience he ought not to retain it. . . ." *Jasper School Dist. v. Gormley*, 184 Ga. 756, 758 (193 SE 248) (1937).

As explained by the trial court, "[SunTrust] essentially alleges that [ACCI's] actions resulted in a loss of a perfected security interest." SunTrust contends that case law provides that when a car dealer fails to cause the bank to be shown as the first lienholder on the title as required by a conditional endorsement, the bank is automatically entitled to recover the full amount of the loan from the dealer. However, in each of the cases upon which SunTrust relies, the lender was damaged as a direct result of the loss of its security interest.

In *DeKalb County Employees Fed. Credit Union v. D. L. Claborn Buick*, 162 Ga. App. 631 (292 SE2d 507) (1982), a car dealer breached a conditional endorsement on the check by failing to record the lender's security interest in the car and mailing the certificate of title to the purchaser rather than the lender. The buyer later used the clear title to trade the car and buy a new car from a different dealer and then disappeared. Id. The court held that because the dealer caused the lender to lose a perfected security interest, the dealer was

liable for the full amount of the loan. Id. at 632.

In *Larry's Mobile Homes v. Robins Fed. Credit Union*, 161 Ga. App. 822 (288 SE2d 800) (1982), the dealer breached the conditional endorsement by not perfecting the lender's lien. The purchaser arranged additional financing with a second creditor, and the title showed the second creditor as the only lienholder. Id.

In *Atlanta Motorcycle Sales v. Fulton Nat. Bank*, 147 Ga. App. 297 (248 SE2d 558) (1978), the seller did not comply with the bank's conditional endorsement on its loan check. The buyer later filed for bankruptcy without ever making any payments to the bank. Id. at 298. Because the bank did not have a perfected security interest in the car as a result of the dealer's actions, it could not recover in bankruptcy. Id. The court applied the theory of money had and received to award the bank the full amount of the loan. Id.

In *Fed. Employees Credit Union v. Capital Auto. Co.*, 124 Ga. App. 144 (183 SE2d 39) (1971), a bank issued a check for its customer to buy a car. The dealer cashed the check with the conditional endorsement but gave the money to the customer rather than selling him the car. The bank never obtained a perfected security interest in the car, and the customer defaulted and absconded. The court held that the dealer was liable to the bank under the doctrine of money had and received because the dealer should have returned the money when the purpose for the check, buying the car, failed, and it could not now, in good conscience, retain the money. Id. at 145.

In each of these cases, the lender was harmed as a direct result of the dealer's failure to perfect the lender's security interest. Therefore, the doctrine of money had and received applied — in good conscience, the dealer could not keep the lender's money when the dealer's failure to perfect the security interest caused the lender's loss. In contrast, here, no third party has claimed superior title to SunTrust. SunTrust only lost the opportunity to recover the collateral because it was destroyed; it did not lose the right to recover it because someone else gained a superior right. Indeed, SunTrust always had an unperfected security interest in the car pursuant to the security agreement with Bassett. See *Freeman v. Bentley*, 205 Ga. App. 409, 410 (422 SE2d 435) (1992). As explained in *Spoon v. Herndon*, 167 Ga. App. 794, 795 (1) (307 SE2d 693) (1983), the failure to perfect a security interest in accordance with the Motor Vehicle Certificate of Title Act (OCGA § 40-3-1 et seq.) "does not affect the *creation* of the security interest, which remains a matter of contract between the parties. It follows that a failure to comply with the Act does not nullify the contract but merely has the effect of loss of priority where the rights of third parties who complied with the Act have intervened." (Punctuation omitted; emphasis in original.) Id. See also OCGA § 40-3-50; *Freeman v. Bentley*, 205 Ga. App. at 410.

Because no third party claimed an interest in the property, nothing prevented SunTrust from repossessing the car, before it was destroyed, pursuant to the agreement. Accordingly, SunTrust's reliance on the cases cited above is misplaced. To follow SunTrust's reasoning would allow lenders in similar situations to recover from dealers even though they have suffered no damages as a result of a breach of the conditional endorsement. That would not be an equitable result.

SunTrust also contends that a sentence in *D. L. Claborn Buick* expressly states that a lender is entitled to recover from the dealer based solely on breach of the conditional endorsement regardless of any other circumstances. In that case, this court held, "[w]hile [the lender] had a legal obligation to do nothing to prejudice the rights of [the dealer] or to increase its damages, the amount of damages was fixed at the time [the dealer] failed to comply with the terms of the conditional delivery of the funds as clearly set out by the terms of the loan and the endorsement on the check." 162 Ga. App. at 632. But, SunTrust takes this sentence out of context. In that case, the lender only sought in damages, "the balance of the amount owed by [the purchaser]" after accounting for money recovered from the purchaser. Id. at 631. The only issue in the case was whether the lender was required to further mitigate its damages, and the quoted sentence relates to that. The decision does not imply that the lender was entitled to recover the full amount of the loan from the dealer regardless of other circumstances.

Finally, there is an issue of fact regarding whether the replacement title listing SunTrust as the first lienholder was valid. For both of these reasons, the court correctly denied SunTrust's motion for partial summary judgment. Our decision renders moot SunTrust's second enumeration of error.

*Judgment affirmed. Blackburn, C. J., and Mikell, J., concur.*

DECIDED MAY 29, 2001.

*Fleming & Ray, James M. Sherman, Ashley H. Draughon,* for appellant.

*Freisem, Macon, Swann & Malone, John A. Swann,* for appellee.